OPINION
{¶ 1} Appellant, Daniel E. Gaston, appeals from the March 24, 2005 judgment entry of the Portage County Court of Common Pleas, in which he was sentenced in two cases, one for aggravated robbery with a one-year firearm specification, and two, for complicity to aggravated assault with a three-year firearm specification.
 {¶ 2} On August 19, 2004, in Case No. 2004-CR-0324, appellant was indicted by the Portage County Grand Jury on two counts: count one, aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1), with a firearm specification; and count two, kidnapping, a felony of the first degree, in violation of R.C. 2905.01(A)(2), with a firearm specification. At his arraignment on August 23, 2004, appellant entered a plea of not guilty.
 {¶ 3} On August 26, 2004, in Case No. 2004-CR-0336, appellant was indicted by the Portage County Grand Jury on two counts: count one, improperly discharging a firearm into habitation, a felony of the second degree, in violation of R.C.2923.161(A)(1)(c), with a firearm specification; and count two, felonious assault, a felony of the first degree, in violation of R.C. 2903.11(A)(2), with a firearm specification. On September 7, 2004, appellant entered a plea of not guilty in this case as well.
 {¶ 4} Appellant withdrew his not guilty pleas in both cases. With respect to 2004-CR-0324, appellant entered a written plea of guilty on January 27, 2005, to aggravated robbery and a mandatory one-year firearm specification. With regard to 2004-CR-0336, appellant entered a written plea of guilty on February 3, 2005, to an amended charge of complicity to aggravated assault, a felony of the fourth degree, in violation of R.C. 2923.03 and R.C. 2903.12, along with a mandatory three-year firearm specification. The trial court accepted appellant's guilty pleas and entered a nolle prosequi on the remaining counts and specifications.
 {¶ 5} The trial court held a joint sentencing hearing on March 21, 2005. Pursuant to its March 24, 2005 judgment entry, the trial court sentenced appellant to four years in prison for aggravated robbery, and one year for complicity to aggravated assault, to be served consecutively to the mandatory terms of one and three years for the two firearm specifications, for an aggregate term of nine years. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 6} "[1.] The trial court's imposition of consecutive sentences upon appellant is contrary to law.
 {¶ 7} "[2.] The trial court's imposition of a sentence greater than the minimum term permitted by statute based upon findings not made by a jury nor admitted by appellant is contrary to law and violates appellant's right to a trial by jury and due process, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
 {¶ 8} "[3.] The trial court's imposition of consecutive sentences based upon findings not made by a jury nor admitted by appellant is contrary to law and violates appellant's right to a trial by jury and due process, as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution.
 {¶ 9} "[4.] The trial court abused its discretion by sentencing appellant to more than the minimum term of incarceration for aggravated robbery, in violation of R.C. 2929.14(B)."
 {¶ 10} Appellant's four assignments of error challenge the more than the minimum sentence and consecutive sentence he received, and are impacted by the recent decision of the Supreme Court of Ohio in State v. Foster, ___ Ohio St.3d ___,2006-Ohio-856. In sentencing appellant, the trial court relied upon judicial factfinding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio inFoster. On that basis, appellant's assignments of error are with merit.
 {¶ 11} In Foster, at paragraphs one and three of the syllabus, the Supreme Court held that R.C. 2929.14(B) and R.C.2929.14(E) are unconstitutional for violating the Sixth Amendment because they deprive a defendant of the right to a jury trial, pursuant to Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296.
 {¶ 12} Further, pursuant to United States v. Booker (2005),543 U.S. 220, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C.2929.14(B) and R.C. 2929.14(E). After severance, judicial factfinding is not required before imposing more than the minimum sentences or consecutive sentences. Foster at paragraphs two and four of the syllabus.
 {¶ 13} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more than the minimum sentences. Id. at paragraph seven of the syllabus.
 {¶ 14} The sentence imposed by the Portage County Court of Common Pleas is vacated. This case is reversed and remanded for resentencing for further proceedings consistent with this opinion pursuant to Foster.
Rice, J., O'Toole, J., concur.