OPINION
{¶ 1} Appellant, Daniel Gaston, appeals the sentence of the Portage County Court of Common Pleas upon the remand of this court for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. At issue is whether appellant's sentence is contrary to law and unconstitutional. For the reasons that follow, we reverse and remand for resentencing. *Page 2 
 {¶ 2} In Common Pleas Case No. 2004 CR 324, the Portage County Grand Jury returned a two-count indictment against appellant charging him with aggravated robbery, a felony of the first degree, in violation of R.C.2911.01 with a firearm specification, in violation of R.C. 2929.14(D) and 2941.145, and kidnapping, a felony of the first degree, in violation of R.C. 2905.01(A)(2), with a firearm specification, in violation of R.C. 2929.14(D) and 2941.145.
 {¶ 3} In Case No. 2004 CR 336, the grand jury returned a two-count indictment against appellant charging him with improperly discharging a firearm at or into a habitation, a felony of the second degree, in violation of R.C. 2923.161(A)(1)(c), with a firearm specification, in violation of R.C. 2929.14(D), and 2941.145 and felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2), with a firearm specification, in violation of R.C. 2929.14(D) and 2941.145.
 {¶ 4} The cases were consolidated. Appellant initially entered pleas of not guilty in both cases, which he subsequently withdrew to enter pleas of guilty in both. In Case No. 2004 CR 324, appellant pleaded guilty to aggravated robbery and a one-year mandatory firearm specification, in violation of R.C. 2929.14(D)(iii). In case No. 2004 CR 336, appellant pleaded guilty to complicity to aggravated assault, a felony of the fourth degree, in violation of R.C. 2923.03 and 2903.12, with a mandatory three-year firearm specification, in violation of R.C.2929.14(D) and 2942.145.
 {¶ 5} Following a joint sentencing hearing on both matters, the trial court sentenced appellant on March 24, 2005. In Case No. 2004 CR 324, appellant was sentenced to four years on the aggravated robbery charge and in Case No. 2004 CR 336, appellant was sentenced to one year on the amended charge of complicity to *Page 3 
aggravated assault. These terms were to be served consecutively to each other and consecutively to the mandatory terms of one and three years for the two firearm specifications, for an aggregate term of nine years.
 {¶ 6} Appellant appealed his sentence in State v. Gaston, 11th Dist. Nos. 2005-P-0035 and 2005-P-0036, 2006-Ohio-2149. This court reversed and remanded the cases for resentencing pursuant to Foster, supra.
 {¶ 7} Appellant was resentenced on July 10, 2006, pursuant to this court's remand. At that hearing appellant's counsel argued thatFoster was unconstitutional and requested a sentence lighter than that which was originally imposed. The court stated it had considered appellant's sentencing briefs and memoranda, the comments made by appellant's attorney, the probation report, and appellant's statements. The trial court reimposed the identical sentence it had originally imposed on appellant. The court sentenced appellant in Case No. 04 CR 324 to one year on the firearm specification and in Case No. 04 CR 336 to three years on the firearm specification, to run consecutively to the first firearm specification. In Case No. 04 CR 324, the court sentenced appellant to four years on the aggravated robbery charge and in Case No. 04 CR 336, the court sentenced appellant to one year on complicity to aggravated assault, to run consecutively to the sentence for aggravated robbery.
 {¶ 8} Appellant appeals his resentence, asserting eight assignments of error. For his first assignment of error, appellant asserts:
 {¶ 9} "THE TRIAL COURT ERRED BY FAILING TO CONDUCT A DE NOVO RESENTENCING HEARING." *Page 4 
 {¶ 10} Under his first assignment of error, appellant argues that his sentence on remand is contrary to law because he was not given a de novo sentencing hearing.
 {¶ 11} R.C. 2953.08(G)(2)(b), concerning the appellate standard of review of felony sentencing, provides in pertinent part:
 {¶ 12} "The court hearing an appeal * * * shall review the record * * *
 {¶ 13} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. * * * The appellate court may take any action authorized by this division if it clearly and convincingly finds * * * the following:
 {¶ 14} "* * *
 {¶ 15} "(b) That the sentence is otherwise contrary to law."
 {¶ 16} The court in Foster severed only those sections of the appellate review statute, R.C. 2953.08(G), which referred to the severed sections of S.B. 2. The Court in Foster held: "The appellate statute R.C. 2953.08(G), insofar as it refers to the severed sections, no longer applies." Foster at ¶ 99. Thus, the sections of the statute concerning review of judicial factfinding no longer apply. However, since R.C.2953.08(G)(2)(b) does not apply to such factfinding, but instead refers to errors in law, this statute survives with respect to the appellate standard of review of such errors. We therefore apply a clear and convincing standard of appellate review.
 {¶ 17} In State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, the court held: "* * * any case that is remanded for `resentencing' anticipates a sentencing hearing de novo, yet the parties may stipulate to the existing record and waive the taking of additional evidence." Id. at ¶ 37. *Page 5 
 {¶ 18} Appellant argues that comments made by the trial court prior to imposing sentence indicated appellant was not being given a de novo hearing because the court indicated it would not change appellant's sentence regardless of what was presented in mitigation.
 {¶ 19} During the hearing, appellant's counsel argued that appellant could not be sentenced to more than the four year mandatory minimum. The following exchange took place between the court and appellant's counsel:
 {¶ 20} "Mr. Whitney: * * * We're indicating any sentence over and above that is expo factor [sic] and I don't expect the court to overruleState v. Foster but certainly for the record —
 {¶ 21} "The Court: I don't plan on it. I've consistently done the same thing in all these cases."
 {¶ 22} Later during the same sentencing hearing, after appellant's counsel asked the court to consider a lesser sentence than that which was originally imposed, the court stated: "There is a mandate byState versus Foster and this Court has been consistent in all the cases I have handled, I have not increased penalty or decreased penalty."
 {¶ 23} While the trial court was free to impose the identical sentence it originally imposed, or a greater or lesser sentence within it's discretion, a defendant on resentence is entitled to a de novo hearing. When the court expressly stated that in all cases on remand underFoster, he has been consistent in not increasing or decreasing the penalty, he was stating that no matter what was presented, he would still impose the original sentence. *Page 6 
 {¶ 24} In State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, the Court held that where a defendant had to be resentenced because the trial court failed to notify him about post release control, at resentencing the court could not merely notify the defendant of post release control and reimpose the same sentence. This is because the original sentence was void so it was as if the sentence never occurred. The defendant was entitled to a de novo sentencing hearing.
 {¶ 25} The holding in Bezak applies here. The court's sentence on remand in this case was contrary to law because the trial court indicated it was its practice to impose the original sentence in every case on remand pursuant to Foster. In effect, the court relied on prior, now void proceedings in imposing "the same" sentence. Therefore, appellant was not given a de novo sentencing hearing.
 {¶ 26} In these circumstances we agree that appellant was not given a de novo sentencing hearing as required by Mathis and Bezak.
 {¶ 27} Appellant's first assignment of error has merit.
 {¶ 28} For his second assignment of error, appellant states:
 {¶ 29} "THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT WITHOUT HAVING CONSIDERED THE FACTORS AT R.C. 2929.12."
 {¶ 30} For his second assignment of error, appellant argues that because the court did not indicate at the sentencing hearing or in its sentencing entry that it had considered the seriousness and recidivism factors in R.C. 2929.12, his sentence is contrary to law.
 {¶ 31} In light of our ruling under appellant's first assignment of error, this assigned error is moot. *Page 7 
 {¶ 32} For his third assignment of error, appellant asserts:
 {¶ 33} "THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO A DISPROPORTIONATELY LONG TERM OF INCARCERATION, IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION."
 {¶ 34} In light of our holding under the first assignment of error, appellant's argument under this assignment of error is moot.
 {¶ 35} For his fourth assignment of error, appellant states:
 {¶ 36} "THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO MORE THAN THE MINIMUM AND CONSECUTIVE TERMS OF INCARCERATION, WHERE THE RECORD REVEALS THAT SUCH TERMS ARE UNREASONABLE."
 {¶ 37} Under this assignment of error, appellant simply argues that the nine-year sentence the trial court imposed was excessive in light of his plea for mercy at his sentencing, and that he should have only received the minimum sentence.
 {¶ 38} In light of our ruling under the first assignment of error, appellant's fourth assigned error is moot.
 {¶ 39} For his fifth assignment of error, appellant asserts:
 {¶ 40} "THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS PURSUANT TO THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION." *Page 8 
 {¶ 41} Under his fifth assignment of error, appellant argues he received ineffective assistance of counsel because his counsel falsely represented to the court at the sentencing that his client had one prior criminal conviction. In fact, appellant had one prior juvenile delinquency adjudication.
 {¶ 42} In light of our holding under the first assignment of error, this assigned error is moot.
 {¶ 43} For his sixth assignment of error, appellant states:
 {¶ 44} "THE TRIAL COURT ABUSED ITS DISCRETION BY CONSIDERING THAT APPELLANT HAD A PREVIOUS CRIMINAL CONVICTION."
 {¶ 45} Appellant argues the trial court abused its discretion in considering that appellant had a prior criminal conviction rather than a prior juvenile delinquency adjudication.
 {¶ 46} In light of our ruling under the first assignment of error, this assigned error is moot.
 {¶ 47} For his seventh and eighth assignments of error, appellant asserts:
 {¶ 48} "[7.] APPELLANT'S RESENTENCING VIOLATES HIS RIGHT TO DUE PROCESS AND AGAINST [SIC] THE EX POST FACTO APPLICATION OF LAW, ASSTATE V. FOSTER SUBJECTED APPELLANT TO AN EFFECTIVE RAISE IN THE PRESUMPTIVE SENTENCES FOR A FIRST-TIME OFFENDERS [SIC] AND THOSE CONVICTED OF FIFTH DEGREE FELONIES TO THE STATUTORY MAXIMUM.
 {¶ 49} "[8] APPELLANT'S RESENTENCING, PURSUANT TO STATE V.FOSTER, VIOLATES HIS RIGHT TO DUE PROCESS THROUGH THE DEPRIVATION OF A LIBERTY INTEREST, AS [SIC] SUBJECTED APPELLANT TO AN EFFECTIVE *Page 9 
RAISE IN THE PRESUMPTIVE SENTENCES FOR A FIRST-TIME OFFENDERS [SIC] AND THOSE CONVICTED OF FIFTH DEGREE FELONIES TO THE STATUTORY MAXIMUM."
 {¶ 50} In light of our ruling under appellant's first assignment of error, these assigned errors are moot.
 {¶ 51} For the reasons stated in the Opinion of this court, it is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.
COLLEEN MARY O'TOOLE, J., concurs.
DIANE V. GRENDELL, dissents with Dissenting Opinion.