[Cite as *State v. Whetstone*, 2011-Ohio-1957.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :        JUDGES:
                                       :
                                       :        Hon. W. Scott Gwin, P.J.
            Plaintiff-Appellee         :        Hon. William B. Hoffman, J.
                                       :        Hon. Patricia A. Delaney, J.
-vs-                                   :
                                       :        Case No. 2010 CA 00132
MICHAEL E. WHETSTONE                   :
                                       :
                                       :
            Defendant-Appellant        :        O P I N I O N


CHARACTER OF PROCEEDING:        Appeal from the Licking County Court of
                                Common Pleas, Case No. 08 CR 691


JUDGMENT:                       AFFIRMED


DATE OF JUDGMENT ENTRY:         April 19, 2011


APPEARANCES:

For Appellant:                          For Appellee:

JUSTIN T. RADIC                         KENNETH W. OSWALT
57 E. Main St.                          LICKING COUNTY PROSECUTOR
Newark, OH 43055
                                        EARL L. FROST
                                        20 S. Second St., 4th Floor
                                        Newark, OH 43055

*Delaney, J.*

{¶1} Defendant-Appellant Michael E. Whetstone appeals the May 25, 2010 resentencing entry of the Licking County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

{¶2} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides in pertinent part:

{¶3} "(E) Determination and judgment on appeal.

{¶4} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶5} "The decision may be by judgment entry in which case it will not be published in any form."

{¶6} This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE CASE[1]

{¶7} On October 16, 2008, Appellant was indicted by the Licking County Grand Jury on one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1)(C)(1)(c) and/or R.C. 2925.03(A)(2)(C)(1)(c); one count of aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1)(b); one count of aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1)(a); and one count of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1).

---

[1] A statement of the facts is unnecessary for the disposition of this appeal.

{¶8} Appellant pled no contest to all four counts of the indictment. The trial court found Appellant guilty and sentenced Appellant to three years on count one, three years on count two, and eight months on count three, to run consecutively with each other and consecutively to a sentence imposed in another case. The court also sentenced Appellant to three years of postrelease control, and granted the forfeiture specification carried by the first three counts. The court did not sentence Appellant on count four, a misdemeanor count.

{¶9} Appellant appealed the sentencing entry to this Court in *State v. Whetstone*, Licking App. No. 2009 CA 00111, 2010-Ohio-1835. This Court determined that the sentencing entry was not a final, appealable order because the trial court convicted Appellant on count four, but did not sentence Appellant on count four. We dismissed the appeal for lack of a final, appealable order and remanded the matter to the trial court for resentencing. In our opinion, we stated:

{¶10} "We find the order appealed from is not a final appealable order. Accordingly, we must dismiss the appeal and return the matter to the trial court. The trial court should conduct a new plea and sentencing hearing and should clarify the plea and sentence in count one, which presently is expressed as "and/or" and, as appellant argues, is problematic." Id. at ¶ 8.

{¶11} The trial court held a resentencing hearing on May 24, 2010. During the opening remarks of Appellant's counsel, he stated to the trial court that the sentencing hearing was a de novo proceeding; therefore, counsel argued that *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, was applicable to the trial court's determination of

sentence as to counts one and two. Counsel argued that Appellant's sentences on counts one and two should be merged as allied offenses of similar import.

{¶12} Appellant was given an opportunity to address the court and he exercised his allocution rights.

{¶13} The trial court stated that it had considered Appellant's presentence investigation report prepared for the case and the purposes and principles of sentencing set out under R.C. 2929.11, as well as the seriousness and recidivism factors under R.C. 2929.12. The trial court noted Appellant's lengthy criminal history, particularity with drug abuse. The trial court stated:

{¶14} " I will find those two counts should merge and, on that basis, I'll impose a term of five years in the state penitentiary on the first count pursuant to a violation of (A)(1)(C)(1)(c) merging them with the ag (sic) possession – rather with the aggravated possession of drugs, methamphetamine, same meth, Count No. 2. On Count No. 3, aggravated possession of MDMA, I'll impose a term of eight months in the state penitentiary. On Count 4 I'll impose a term of 30 days at the Licking County Justice Center. Also grant the forfeiture specification as set out in the original sentencing entry. I'll order those sentences run consecutive with each other and consecutive with sentence on 07 CR 381. * * *" Re-sentencing transcript, p. 9.

{¶15} Thus, a total prison term of five years and eight months was imposed.

{¶16} The trial court did not inform Appellant of his right to appeal under Crim.R. 32(B)(2) and (3).

{¶17} The trial court issued the sentencing entry on May 25, 2010. It is from this sentencing entry that Appellant now appeals.

**ASSIGNMENT OF ERROR**

{¶18}  Appellant raises one Assignment of Error:

{¶19}  "I. THE TRIAL COURT ERRED BY NOT PROVIDING APPELLANT WITH A DE NOVO REVIEW AT HIS RESENTENCING HEARING."

**I.**

{¶20}  Appellant argues that the trial court failed to conduct a de novo sentencing hearing when it resentenced Appellant.  We disagree.

{¶21}  R.C. 2929.19 states:

{¶22}  "(A) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code.  At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and with the approval of the court, any other person may present information relevent to the imposition of the sentence in the case.  The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender.

{¶23}  "(B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and if one was prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal

Rule 32.2, and any victim impact statement made pursuant to section 2947.051 [2947.05.1] of the Revised Code."

{¶24} In *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶37, the Ohio Supreme Court stated, "any case that is remanded for a 'resentencing' anticipates a sentencing hearing de novo, yet the parties may stipulate to the existing record and waive the taking of additional evidence."

{¶25} "When a case is remanded for resentencing, the trial court must conduct a complete sentencing hearing and must approach resentencing as an independent proceeding complete with all applicable procedures." *State v. Riley*, 184 Ohio App.3d 211, 2009-Ohio-3227, ¶ 15 (citations omitted).

{¶26} Appellant argues that he was not given a de novo sentencing hearing based solely on this statement from the trial court at the conclusion of Appellant's resentencing:

{¶27} "So, it's one year less than you had before only because I couldn't give you that much.  Otherwise, I would have given you more."  (T. 11).

{¶28} Appellant likens the trial court's statement to the resentencing proceedings conducted in *State v. Cook*, Cuyahoga App. No. 90487, 2008-Ohio-4246 and *State v. Gaston*, Portage App. Nos. 2006-P-0071, 2006-P-0072, 2007-Ohio-6251. In those cases, the appellate courts found that the defendants were not given de novo sentencing hearings upon remand.

{¶29} In *Cook*, the resentencing proceeding was held before a different judge rather than the original sentencing judge.  The trial court in *Cook* stated that although it appeared that the defendant was attempting to turn his life around, the judge did not

know anything about the case and was reluctant to change the defendant's original sentence. The trial court resentenced the defendant to his original sentence. *Cook* at ¶4. The Eighth District Court of Appeals found error because the trial court merely referred to the original judge's decision and indicated that no change in Cook's original sentence would be made regardless of what was presented at the hearing. Id. at ¶10.

{¶30} The defendant in *Gaston* was before the trial court for resentencing pursuant to a *Foster* remand. The trial court expressly stated that in all cases on remand under *Foster*, he was consistent in not increasing or decreasing the penalty; he was stating that no matter what was presented in mitigation, he would still impose the original sentence. *Gaston* at ¶23. The case was remanded for resentencing because the trial court, in effect was relying on prior, now void proceeding in imposing "the same" sentence, and did not afford the defendant a de novo sentencing hearing. Id. at ¶25.

{¶31} Upon a review of the entire record in this case, we find *Cook* and *Gaston* to be inapplicable to these facts. The trial court in the case *sub judice* conducted a de novo sentencing hearing. The trial court considered the presentence investigation report that was prepared in the case, the Appellant's criminal history, and other pending warrants. The trial court found merger was appropriate as to counts one and two and sentenced Appellant accordingly. While the trial court expressed a desire to impose a longer sentence on Appellant, he did not impose the original sentence regardless of anything presented at the resentencing.

{¶32} Appellant's sole Assignment of Error is overruled.

{¶33} While Appellant does not delineate this as a separate Assignment of Error, Appellant also argues the trial court erred in not informing Appellant of his right to appeal under Crim.R. 32(B)(2) and (3).

{¶34} The record shows that the trial court did not inform Appellant of his right to appeal under Crim.R. 32(B)(2) and (3); however, we find that Appellant has failed to show prejudice. Appellant filed an appeal in this matter and is represented by counsel. Accordingly, we find no reversible error. See *State v. Middleton*, Preble App. No. CA2004-01-003, 2005-Ohio-681, ¶25.

{¶35} Appellant finally requests this Court to order the trial court to correct a *de minimis* error in the May 25, 2010 sentencing entry. The sentencing entry states that Appellant "previously entered pleas of guilty to the charges." Appellant entered pleas of no contest and was found guilty by the trial court. We find this matter is more properly raised before the trial court.

{¶36} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Hoffman, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

[Cite as *State v. Whetstone*, 2011-Ohio-1957.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| MICHAEL E. WHETSTONE | : | |
| | : | Case No. 2010 CA 00132 |
| | : | |
| Defendant-Appellant | | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN