[Cite as *State v. Davis*, 2012-Ohio-4922.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
|  | : | William B. Hoffman, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. CT2011-0033 |
|  | : |  |
|  | : |  |
| LISA A. DAVIS | : | O P I N I O N |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:          Criminal Appeal from Muskingum
                                                          County Court of Common Pleas Case
                                                          No. CR2011-0024

JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:          October 17, 2012

APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

D. MICHAEL HADDOX                       ELIZABETH N. GABA
Muskingum County Prosecutor           1231 East Broad Street
Muskingum County, Ohio                    Columbus, Ohio  43205

BY: RON WELCH
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
Zanesville, Ohio  43701

*Edwards, J.*

{¶1} Defendant-appellant, Lisa Davis, appeals her sentence from the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On January 26, 2011, the Muskingum County Grand Jury indicted appellant on one count (Count Two) of trafficking in drugs (crack cocaine) in violation of R.C. 2925.03(A)(1), a felony of the fourth degree, two counts (Counts Three and Four ) of trafficking in drugs (crack cocaine) in violation of R.C. 2925.03(A)(1), felonies of the third degree, one count ( Count Five) of possession of drugs (cocaine) in violation of R.C. 2925.11(A), a felony of the fifth degree, and one count (Count Six) of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a felony of the first degree. At her arraignment on February 2, 2011, appellant entered a plea of not guilty to the charges.

{¶3} Subsequently, on April 25, 2011, appellant withdrew her former not guilty plea and pleaded guilty to Counts Two, Three (as amended to a felony of the fourth degree), and Five. The remaining counts were dismissed. Pursuant to an Entry filed on June 30, 2011, appellant was sentenced to eighteen (18) months on Count Two, to eighteen (18) months on Count Three and to twelve (12) months of Count Five. The trial court, in its Entry, ordered that the sentences be served consecutively for an aggregate prison sentence of four (4) years.

{¶4} Appellant now raises the following assignments of error on appeal:

{¶5} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION BY NOT FOLLOWING THE MANDATES OF CRIM. R. 32(B) IN SENTENCING; AS SUCH THE SENTENCING IS VOID *AB INITIO.*

{¶6} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT IMPOSED SEPARATE CONVICTIONS AND SEPARATE MAXIMUM CONSECUTIVE SENTENCES ON COUNT TWO AND COUNT THREE, AND FAILED TO MERGE COUNT TWO AND COUNT THREE AS ALLIED OFFENSES OF SIMILAR IMPORT IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION, R.C. 2941.25, AND *STATE V. JOHNSON* 2010-OHIO-6314.

{¶7} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT FAILED TO CONDUCT INQUIRY INTO WHETHER THERE SHOULD BE A MERGER OF COUNT TWO AND COUNT THREE AS ALLIED OFFENSES OF SIMILAR IMPORT IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION, R.C. 2941.25, AND *STATE V. JOHNSON* 2010-OHIO-6314.

{¶8} "IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT SENTENCED APPELLANT TO MAXIMUM CONSECUTIVE SENTENCES. THE SENTENCE WAS UNREASONABLE AND NOT PROPORTIONAL TO THE OFFENSE, WAS IN VIOLATION OF APPELLANT'S EIGHTH AMENDMENT RIGHTS, AND WAS IN VIOLATION OF HB 86."

{¶9}   "V. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION WHEN IT MAXED APPELLANT ON AN F5 POSSESSION-USE OF POWDER COCAINE.  A SENTENCE OF ONE YEAR BASED ON APPELLANT'S STATEMENT AT THE TIME OF ARREST THAT SHE HAD JUST 'USED' WAS UNREASONABLE AND NOT PROPORTIONAL TO THE OFFENSE, WAS IN VIOLATION OF APPELLANT'S EIGHTH AMENDMENT RIGHTS, AND IN VIOLATION OF HB 86."

I

{¶10}  Appellant, in her first assignment of error, argues that the trial court erred by not following the mandates of Crim.R. 32(B) in sentencing appellant and that her sentence is, therefore, void ab initio.

{¶11} Appellant specifically argues the trial court erred in not informing appellant, pursuant to Crim. R. 32(B), of her right to appeal, her right to appeal without payment, that counsel would be appointed and documents provided at no cost and that she had a right to have a Notice of Appeal timely filed on her behalf.

{¶12} Crim.R. 32 states in relevant part, as follows: "(B) Notification of right to appeal

{¶13} "(2) After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed.

{¶14} "(3) If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant of all of the following:

**{¶15}** "(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

**{¶16}** "(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

**{¶17}** "(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

**{¶18}** "(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf."

**{¶19}** The record shows that the trial court did not inform appellant of her right to appeal under Crim.R. 32(B) after sentencing appellant.[1] Assuming, arguendo, that the trial court erred, we find that appellant has failed to show prejudice. Appellant filed an appeal in this matter and is represented by counsel. Accordingly, we find no reversible error. See *State v. Middleton,* 12th Dist. No. CA2004–01–003, 2005–Ohio–681, ¶ 25; *State v. Whetstone*, 5th Dist. No. 2010 CA 00132, 2011-Ohio-1957 and *State v. Finch,* 5th Dist. No. 11 CA 6, 2011-Ohio-4273.

**{¶20}** Appellant's first assignment of error is, therefore, overruled.

## II, III

**{¶21}** Appellant, in her second assignment of error, argues that the trial court erred when it imposed separate convictions and separate maximum consecutive sentences on Counts Two and Three because the offenses contained in such counts were allied offenses of similar import and should have merged. Appellant, in her third

---

[1] The trial court did advise appellant, at the time of her plea, that she had a right to appeal within thirty (30) days of her sentence.

assignment of error, argues that the trial court erred in failing to inquire into whether such counts should be merged.

{¶22} As an initial matter, we note that the State maintains that appellant waived her right to challenge whether the crimes were allied offenses by pleading guilty. However, the Ohio Supreme Court considered this issue recently in *State v. Underwood,* 124 Ohio St.3d 365, 2010–Ohio–1, 922 N.E.2d 923, and concluded that a defendant's plea to multiple counts does not affect the trial court's duty to merge allied offenses at sentencing nor bar appellate review of the sentence. *Id.* at ¶ 26–29. In *Underwood,* the Ohio Supreme Court held that a defendant can appeal a sentence after a plea and jointly-recommended sentence where the trial court fails to merge allied offenses because such a decision is not authorized by law, despite it being agreed to.

{¶23} R.C. 2941.25 reads as follows:

{¶24} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶25} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶26} In *State v. Rance,* 85 Ohio St.3d 632, 636, 1999–Ohio–291, 710 N.E.2d 699, the Ohio Supreme Court held that offenses are of similar import if the offenses "correspond to such a degree that the commission of one crime will result in the

commission of the other." *Id.* The *Rance* court further held that courts should compare the statutory elements in the abstract. *Id.*

**{¶27}** In 2008, the Ohio Supreme Court instructed as follows in *State v. Cabrales,* 118 Ohio St.3d 54, 2008–Ohio–1625, 886 N.E.2d 181, paragraph one of the syllabus:

**{¶28}** "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in the commission of the other, then the offenses are allied offenses of similar import."

**{¶29}** According to *Cabrales,* if the sentencing court has initially determined that two crimes are allied offenses of similar import, the court then proceeds to the second part of the two-tiered test and determines whether the two crimes were committed separately or with a separate animus. *Id.* at 57, citing *State v. Blankenship*, 38 Ohio St.3d 116, 117, 526 N.E.2d 816 (1988).

**{¶30}** However, on December 29, 2010, the Ohio Supreme Court decided *State v. Johnson,* 128 Ohio St.3d 153, 2010–Ohio–6314, 942 N.E.2d 1061, which specifically overruled the 1999 *Rance* decision. The Court held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id.,* at the syllabus.

**{¶31}** In Counts Two and Three, appellant was charged and convicted of trafficking in drugs (crack cocaine) in violation of R.C. 2925.03(A)(1). Such section states, in relevant part, as follows: "(A) No person shall knowingly do any of the following: (1) Sell or offer to sell a controlled substance;…" In the case sub judice, the record reveals that, on May 19, 2010, appellant offered to sell crack cocaine while on June 16, 2010, nearly a month later, appellant actually sold crack cocaine. Thus, there were two distinct violations of R.C. 2925.03(A)(1) committed on two different dates.

**{¶32}** Based on the foregoing, we find that the offenses were not allied offenses of similar import and that the trial court did not err in failing to merge the offenses contained in Counts Two and Three.

**{¶33}** Appellant's second and third assignments of error are, therefore, overruled.

IV

**{¶34}** Appellant, in her fourth assignment of error, argues that the trial court abused its discretion in sentencing her to maximum consecutive sentences.[2] Appellant argues that the sentence was not reasonable and was not proportionate to the offenses.

**{¶35}** "It is well-established that a sentence that is agreed upon as part of a negotiated plea, and that does not exceed the statutory maximum sentence applicable to the crime, is not subject to appellate review pursuant to R.C. § 2953.08(D)." *State v. Yeager,* 7th Dist. No. 03CA786, 2004–Ohio–3640, ¶ 21 (additional citations omitted). In the case sub judice, in exchange for appellant's guilty plea, the State recommended a four year prison sentence. Appellant was sentenced to an aggregate prison sentence of

---

[2] We note that appellant does not allege that the trial court did not consider the factors in R.C. 2929.11 and 2929.12 in sentencing her.

four years. Appellant has thus waived her right to appeal her maximum consecutive sentences.

{¶36} Moreover, upon our review of the record, we cannot say that the trial court abused its discretion in sentencing appellant. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶37} The trial court, in sentencing appellant, noted that appellant had been to prison before for distribution of drugs, that appellant had been terminated from community control on or about December 23, 2009 and that "these events occurred less than – some of these occurred less than six months after you returned from your federal community control;…" Transcript of June 27, 2011, hearing at 7.  The trial court's decision to sentence appellant to maximum consecutive sentences was not arbitrary, unconscionable or unreasonable.  Finally, while appellant, both in this assignment of error and the following assignment of error contends that her sentence violated H.B 86, we note that H.B. 86 went into effect on September 30, 2011.  Appellant was sentenced prior to the effective date.  H.B. 86 is not retroactive.  See *State v. Fields*, 5th Dist. No. CT11-0037, 2011-Ohio-6044, ¶10.

{¶38} Appellant's fourth assignment of error is, therefore, overruled.

V

{¶39} Appellant, in her fifth assignment of error, argues that the trial court abused its discretion in sentencing her to the maximum on the charge of possession of drugs (cocaine), a fifth degree felony.

{¶40} As is stated above, appellant has waived her right to appeal her sentence. The sentence that appellant received was in accordance with the negotiated plea that appellant would receive a four year sentence. Moreover, based on appellant's criminal history, we cannot say that the trial court abused its discretion in sentencing appellant. The trial court's decision was not arbitrary, unconscionable or unreasonable.

{¶41} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Edwards, J.

Gwin, P.J. and

Hoffman, J. concur

_____

_____

_____

JUDGES

JAE/d0813

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LISA A. DAVIS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2011-0033 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES