[Cite as *Billiter v. O'Farrell*, 2013-Ohio-792.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| FRED BILLITER | : | JUDGES: |
| | : | |
| Petitioner | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 2012AP090055 |
| JUDGE EDWARD O'FARRELL | : | |
| | : | |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Writ of Prohibition-Sexual
                              Predator Classification


JUDGMENT:                     SUMMARY JUDGMENT GRANTED


DATE OF JUDGMENT ENTRY:       February 15, 2013


APPEARANCES:

For Petitioner:                    For Respondent:
Fred Billiter, Pro Se              Robert R. Stephenson II (0034616)
#383-177                           Assistant Prosecuting Attorney
Noble Correctional Institution     125 E. High Avenue
15708 McConnelsville Rd.           New Philadelphia, OH  44663
Caldwell, OH  43724


*Delaney, P.J.*

{¶1}   Petitioner, Fred Billiter, has filed a petition for writ of prohibition arguing the trial court lacked jurisdiction to declare Petitioner a sexual predator without a hearing.  Respondent has filed an answer and motion for summary judgment.

{¶2}   Before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears that reasonable minds can come to only one conclusion of the evidence, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the summary judgment motion is made.  *Civ. R. 56.*

{¶3}   Petitioner was indicted on multiple counts of rape of a child under the age of thirteen, gross sexual imposition, and pandering obscenity involving a minor.  A plea agreement was reached.  To prevent the victim from having to testify, the State agreed to amend the indictment.  All but two counts of rape were dismissed.  The counts that remained did not contain a force specification of a child under thirteen.  For this reason, the potential penalty dramatically dropped from life in prison without parole to a potential penalty of three to ten years in prison on each count.  The amended indictment also contained one count of gross sexual imposition and one count of pandering obscenity involving a minor.

{¶4}   The trial court agreed to accept the amendments to the indictment and impose a total sentence of 31 years in prison on the condition that Petitioner agreed to waive any appeal as it related to consecutive sentences and agreed to be declared a sexual predator.  Petitioner pled guilty to the charges as amended and received the

promised sentence of 31 years in prison. Petitioner also was classified as a sexual predator based upon his agreement.

{¶5} The basis of the instant petition is that Petitioner argues the trial court lacked jurisdiction to impose the sexual predator classification without conducting a hearing pursuant to R.C. 2950.09.

{¶6} "But where a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Dannaher v. Crawford*, (1997) 78 Ohio St.3d 391, 393, 678 N.E.2d 549.

{¶7} Courts have addressed the argument raised by Petitioner.

{¶8} The argument has been held it to be without merit.

{¶9} The Ninth District Court of Appeals held, "[W]e are not persuaded that R.C. 2950.09 requires the trial court to articulate the basis for classifying a defendant as a sexual predator where the defendant stipulates to that classification and waives a hearing. *Davidson,* at *4. So long as public policy is not violated, an individual may generally waive any right, "whether secured by contract, conferred by statute, or guaranteed by the Constitution," including the right to a hearing on one's sexual predator status. *Id.,* quoting *State ex rel. Hess v. Akron* (1937), 132 Ohio St. 305,

{¶10} "Nor are we convinced that the trial court must engage in a colloquy with a defendant who stipulates to a sexual predator classification and make a finding that the stipulation was made knowingly, voluntarily, and intelligently, as would be the case for a criminal guilty plea. A sexual predator classification hearing is civil in nature, not

criminal, and "we do not have the latitude to impose criminal plea requirements upon a sexual offender classification process." *State v. Wheeler,* 10th Dist. No. 03AP-832 and 03AP-833, 2004-Ohio-4891, at ¶ 16." *State v. Bowens,* 9th Dist. No. 22896, 2006-Ohio-4721, ¶ 15-16.

{¶11} Likewise, the Seventh District Court of Appeals has held, "[A] trial court does not need to hold a sexual predator hearing and make the findings required by statute when a defendant stipulates that he is a sexual predator. *State v. McCarthy,* 7th Dist. No. 01 BA 33, 2002-Ohio-5185, ¶ 22. This is because a stipulation is a "voluntary agreement between opposing parties concerning some relevant point." Black's Law Dictionary (7th Ed.1999), 1427. "[P]arties are bound as to all matters of fact and law concerned in their stipulations." *State v. Folk* (1991), 74 Ohio App.3d 468, 471, 599 N.E.2d 334." *State v. Gilliam* 7th Dist. No. 02CA 783, 2004-Ohio-3195, ¶ 28.

{¶12} In this case, the record reflects Petitioner agreed to the sexual predator classification. We also find the trial court did not patently and unambiguously lack jurisdiction to declare Petitioner a sexual predator. Further, Petitioner could have appealed the designation providing an adequate remedy at law which precludes the issuance of a writ of prohibition. *State ex rel. Sullivan v. Ramsey,* 124 Ohio St.3d 355, 2010-Ohio-252, ¶ 15.

{¶13} Petitioner argues he did not have an adequate remedy at law because he was not permitted to appeal his sentence; however, his agreement to forego an appeal as part of the plea was strictly limited to not appealing the consecutive sentences.

{¶14} The trial court stated on several occasions: (1) "[Y]ou would also be required in your pleas of guilty to on this record acknowledge that you would not appeal the court's consecutive sentence imposition in this case." (Tr. 20), (2) "[Y]ou would agree to waive your right to appeal the consecutive nature of these sentences." (Tr. 28), and (3) "You also understand that the conditions of your pleas of guilty, what is required and expected of you is that you are giving up your right to appeal the consecutive nature of the sentences I will impose. You understand that?" (Tr. 41).

{¶15} Petitioner was not precluded from appealing the sexual predator classification. As the cases above note, the Supreme Court has found the sexual offender classification is civil action which is separate from the criminal sentence. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202.

{¶16} Even assuming arguendo Petitioner was prevented from appealing his sentence, the sexual predator classification was not part of the sentence. It is a separate civil proceeding.

{¶17} Because the trial court did not patently and unambiguously lack jurisdiction to impose the sexual predator classification and because Petitioner has or had an adequate remedy at law by way of appeal, the writ of prohibition cannot issue. We find Respondent is entitled to judgment as a matter of law and therefore grant summary judgment in favor of Respondent.

{¶18} PETITION FOR WRIT DENIED.

{¶19} SUMMARY JUDGMENT GRANTED IN FAVOR OF RESPONDENT

{¶20} COSTS TO PETITIONER.

By: Delaney, P.J.

Farmer, J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE


PAD:kgb

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| FRED BILLITER | : | |
| Petitioner | : | |
| | : | JUDGMENT ENTRY |
| -vs- | : | |
| | : | |
| JUDGE EDWARD O'FARRELL | : | |
| Respondent | : | Case No. 2012AP090055 |
| | : | |
| | : | |
| | : | |
| | : | |


   For the reasons stated in the Memorandum-Opinion on file, Petitioner's

Writ of Prohibition is hereby DENIED. Respondent's Motion for Summary Judgment

is GRANTED. Costs taxed to Petitioner.

HON. PATRICIA A. DELANEY

HON. SHEILA G. FARMER

HON. JOHN W. WISE