[Cite as *State v. Goler*, 2013-Ohio-661.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 12-CA-64 |
| MICHAEL R. GOLER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Licking County Court of
                                 Common Pleas, Case No. 09CR00119


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          February 22, 2013


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant


EARL L. FROST                             SIOBHAN R. CLOVIS
Assistant Prosecuting Attorney            Reese, Pyle, Drake & Meyer, P.L.L.
Licking County Prosecutor's Office        36 N. Second Street
20 S. Second St., 4th Floor               P.O. Box 919
Newark, Ohio 43055                        Newark, Ohio 43058-0919

*Hoffman, J.*

{¶1} Defendant-appellant Michael R. Goler appeals the sentence entered by the Licking County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On May 21, 2009, Appellant entered a plea of guilty to two counts of trafficking in crack cocaine, in violation of R.C. 2925.03(CC), and one count of permitting drug abuse, in violation of R.C. 2925.13. All of the transactions occurred at Appellant's residence, which is located within 990 feet of a school. Accordingly, Appellant's felony convictions include specifications the crimes occurred within 1000 feet of a school.

{¶3} The trial court accepted the plea, and convicted Appellant of the charges. The trial court conducted a sentencing hearing on July 2, 2009. Appellant was sentenced to five years of community control, and was informed if he violated the terms of the community control, he would then be sentenced to eighteen months on each count of trafficking, with the sentences to be served consecutively, and six months in jail for the misdemeanor, to run concurrently with the other sentences.

{¶4} Appellant violated the terms of his community control, and, on July 5, 2012, the trial court revoked his probation. On the same date, the trial court sentenced Appellant to eighteen months on each count of trafficking, consecutive to each other, and six months in jail for the misdemeanor, to run concurrently.

{¶5} Appellant now appeals, assigning as error:

---

[1] A recitation of the underlying facts is unnecessary to the resolution of this appeal.

**{¶6}** "I. IT WAS ERROR TO SENTENCE MR. GOLER, A NONVIOLENT DRUG OFFENDER WHO WAS INITIALLY SENTENCED TO COMMUNITY CONTROL, TO CONSECUTIVE SENTENCES WITHOUT PROVIDING THE STATUTORILY REQUIRED RATIONALE THEREFOR."

I.

**{¶7}** In the sole assignment of error, Appellant maintains the trial court erred in imposing consecutive sentences without providing the statutorily required rationale for imposing consecutive sentences.

**{¶8}** As set forth in the Statement of the Case, supra, Appellant was initially sentenced on June 15, 2009. The sentencing occurred prior to the effective date of H.B. 86, September 30, 2011. H.B. 86 is not retroactive. *State v. Latham*, 5th 12CA00004, 2012-Ohio-4516; *State v. Davis*, 5th CT2011-0033, 2012-Ohio-4922.

**{¶9}** In *State v. Little,* Fifth App. Dist. No. CT2011–0057, 2012–Ohio–2895, this Court held,

**{¶10}** "Accordingly, we find Appellant's argument the trial court was required to comply with the requirements of H.B. 86 in issuing Appellant's sentence herein is not well taken.

**{¶11}** "The Supreme Court of Ohio in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912 set forth a two step process for examining felony sentences. The first step is to 'examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.' *Kalish* at ¶ 4. If this first step 'is satisfied,' the second step requires the trial court's decision be 'reviewed under an abuse-of-discretion standard.' *Id.*

**{¶12}** "The relevant sentencing law at the time of sentencing herein was controlled by the Ohio Supreme Court's decision in *State v. Foster,* i.e. ' * * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' 109 Ohio St.3d 1, 30, 2006–Ohio–856 at ¶ 100, 845 N.E .2d 470, 498.

**{¶13}** "Upon review of Appellant's sentence, the same is within the parameters for the offense and does not amount to an abuse of discretion. We find the record fails to demonstrate the trial court failed to give careful and substantial deliberation to the relevant statutory considerations."

**{¶14}** As in *Little,* H.B. 86 is not applicable to Appellant's sentencing herein; therefore, pursuant to *Kalish,* supra, we find the trial court properly considered the principles and factors necessary in imposing the sentence rendered. We find the trial court did not abuse its discretion in sentencing Appellant to the term imposed.

**{¶15}** Appellant's sole assignment of error is overruled.

**{¶16}** The sentence entered by the Licking County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J. and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                      :
                                                 :
-vs-                                             :                    JUDGMENT ENTRY
                                                 :
MICHAEL R. GOLER                                 :
                                                 :
    Defendant-Appellant                     :                    Case No. 12-CA-64


For the reason stated in our accompanying Opinion, Appellant's sentence entered by the Licking County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER