[Cite as *State v. Bates*, 2013-Ohio-4768.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 13 CA 9 |
| BRYAN W. BATES | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Guernsey County
                             Court of Common Pleas, Case No. 2007-
                             CR-117

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      October 24, 2013

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

DANIEL G. PADDEN                      BRYAN BATES, PRO SE
PROSECUTING ATTORNEY                  P.O. Box 5500
139 West 8th Street                   Chillicothe, OH 45601
Box 640
Cambridge, OH  43725-0640

*Gwin, P.J.*

**{¶1}** Defendant-appellant Bryan William Bates appeals the March 1, 2013 judgment entries of the Guernsey County Common Pleas Court classifying appellant as a sexually oriented offender, informing him of his duty to register as a sex offender, and finding appellant not to be a sexual predator for purposes of sex offender registration and notification. Plaintiff-appellee is the State of Ohio.

*Facts & Procedural History*

**{¶2}** On June 29, 2007, appellant was indicted on twelve counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(1) and thirty counts of illegal use of a minor in nudity oriented material or performance in violation of R.C. 2907.323(A)(3). The charges arose after an international investigation involving the United States and Canada into child pornography on the Internet.

**{¶3}** A jury found appellant guilty as charged and, by judgment entry of sentence filed April 18, 2008, the trial court sentenced appellant to an aggregate term of thirteen years in prison and classified him as a Tier II sex offender pursuant to R.C. 2950, also known as the Adam Walsh Act ("AWA"). Appellant filed a direct appeal of his convictions. In his direct appeal, appellant challenged the denial of his motion to suppress testimony of the State's expert in computer forensics and raised the issues of ineffective assistance of counsel, manifest weight, and sufficiency of the evidence. This Court affirmed appellant's convictions in *State v. Bates*, 5th Dist. No. 08CA15, 2009-Ohio-275 (*Bates I*). Appellant next appealed the trial court's decisions regarding a motion to correct sentence, motion to correct amended judgment entry, a second motion to correct sentence, a motion for reconsideration of an allied offense issue, and

motion for hearing to correct the sentence. We addressed his arguments collectively in *State v. Bates*, 5th Dist. Nos. 11-CA-000016, 11-CA000026, and 11-CA-000033, 2012-Ohio-1080 (*Bates II*). In *Bates II,* this Court affirmed all of the trial court's judgments and noted that some of the errors appellant raised were res judicata because appellant could have raised the arguments in his direct appeal. However, we addressed appellant's assignments of error regarding his sentence, finding that the judgment entries complied with Criminal Rule 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 893 N.E.2d 163 (2008). While *Bates II* was pending, appellant filed a motion for reconsideration and to correct sentence, another motion to correct sentence, and a petition to vacate or set aside the judgment or conviction or sentence. In *State v. Bates*, 5th Dist. Nos. 2012-CA-06, 2012-CA-10, 2012-Ohio-4360 (*Bates III*), we affirmed the trial court's rulings and found appellant's petition for post-conviction relief was not filed within the statutory time limitation and contained no showing the exception to the time limitation applied.

{¶4} In April of 2012, appellant filed a motion to vacate and correct his sentence based upon the Ohio Supreme Court's decision in *State v. Williams*, 129 Ohio St.3d 344, 952 N.E.2d 1108 (2011), which held that defendants whose crimes were committed prior to the AWA's enactment should have been classified according to the statutory scheme in place at the time they committed their crimes, even if they were sentenced after the enactment of the AWA. The State of Ohio agreed with appellant that the AWA, as codified in R.C. 2950, was improperly applied to appellant when he was sentenced and that appellant should be classified pursuant to the version of R.C. 2950 in effect at the time appellant committed the offenses, also known as Megan's

Law.  Appellant filed a second motion to vacate and correct his sentence on May 1, 2012.

{¶5}   The trial court initially set appellant's motions for hearing on October 1, 2012.   On August 23, 2012, the trial court granted appellant's motion for standby counsel.  On August 27, 2012, appellant filed a motion for court appointed forensic expert for the sex offender classification hearing, stating this expert would provide a meaningful review and comprehensive analysis of the alleged computer evidence in question.  Appellant also filed a motion for court appointed psychologist to assist in determining the recidivism factors in his case.  Further, appellant filed subpoenas for multiple individuals who testified during his original trial to appear for the sex offender classification hearing.  Based on the pendency of the *Bates III* appeal, the trial court continued the hearing scheduled for October 1, 2012.

{¶6}   On December 7, 2012, the trial court scheduled a hearing for sex offender classification on March 1, 2013.   Appellant again subpoenaed multiple individuals, including those who testified at his original trial.  On January, 4, 2013, the trial court issued an entry denying appellant's motion for forensic expert and court-appointed psychologist.  In a January 7, 2013 motion, appellant requested the trial court allow him to view his pre-sentence investigation documents and victim impact statements so that he could make arguments regarding the statutory factors listed in R.C. 2950.09(B)(2). The trial court denied appellant's motion to view the documents.  Appellee filed a motion to quash subpoenas on January 31, 2013, stating they did not oppose appellant being classified as a sexually oriented offender and thus no evidence need be presented pursuant to R.C. 2950.09(B), dealing with evidence required to classify an individual as

a sexual predator.  The trial court granted appellee's motion to quash on February 1, 2013.

{¶7}  The trial court held a classification hearing on March 1, 2013.  The trial court found that appellant's convictions were pursuant to R.C. 2907.322(A)(1) and that in applying R.C. 2950.01(D)(1)(b)(i), "there would be * * * a duty to register once a year for ten years."  The trial court reiterated his decision in granting appellee's motion to quash subpoenas because appellee agreed appellant would be classified under the lowest permissible classification under Megan's Law and that the hearing was limited to a sexual offender classification hearing, not a resentencing hearing.  The trial court then stated it was required to make a finding of whether there is or is not clear and convincing evidence to establish that appellant is a sexual predator.  The trial court stated as follows, "And the proposed finding of the Court would be there is not clear and convincing evidence to establish the defendant is a sexual predator, as there would be no factors before the Court."  After asking appellant if he objected to that proposed finding, appellant stated, "No, Your Honor."  The trial court explained the registration requirements to appellant and asked appellant if he needed further explanation of the registration requirements.  Appellant stated he did not need further explanation of the registration requirements.  The trial court then reviewed with appellant the penalties for failing to register.

{¶8}  On March 1, 2013, the trial court issued a judgment entry and notice of duties to register as sexually oriented offender. The judgment entry detailed the registration requirements after appellant's release from prison, stated the length of appellant's registration requirement, and included the penalties for failure to register.

The judgment entry states that "the Court has specifically informed the Defendant of his duties pursuant to O.R.C. Section 2950.04 as set forth above, and the Defendant has indicated to the Court an understanding of those duties."  Appellant signed the judgment entry on March 1, 2013 under the "Acknowledgment" section stating that "I hereby acknowledge that the above requirements as set forth by the Ohio Revised Code Chapter 2950 have been explained to me, and I understand these requirements."  Also on March 1, 2013, the trial court issued a judgment entry following a sexual predator hearing finding that appellant is found not to be a sexual predator for the purposes of sex offender registration.  The trial court did not make findings of fact in this judgment entry.  Appellant appeals the trial court's March 1, 2013 judgment entries and assigns the following errors:

{¶9}  "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS THE TRIAL COURT REVISIT[ED] ITS OWN FINAL ORDER FAILING TO VACATE THE APPELLANT'S SENTENCE THAT VIOLATE[S] SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION.

{¶10}  "II. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS THE COURT ABUSED ITS DISCRETION BY FAILING TO CORRECTLY APPLY THE STATUTORILY MANDATED TERM R.C. 2950 AS WRITTEN AND INTENDED BY THE GENERAL ASSEMBLY.

{¶11}  "III. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS THE APPELLANT'S JUDGMENT OF CONVICTION PURSUANT TO CRIM.R. 32(C) IS INVALID.

**{¶12}** "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS [THE COURT] FAILED TO ADVISE THE APPELLANT OF HIS RIGHT TO APPEAL.

**{¶13}** "V. APPELLANT'S SENTENCE IS CONTRARY TO LAW.

**{¶14}** "VI. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEREAS THE COURT DENIED THE APPELLANT'S MOTION FOR DISCOVERY."

I.

**{¶15}** Appellant argues that the trial court's order setting a sexual offender classification hearing vacated appellant's entire sentence because the trial court utilized the word "resentencing" in its initial entry setting the hearing and thus the trial court erred when it did not conduct a de novo sentencing hearing and instead conducted only a reclassification hearing. Appellant also contends that the trial court was required to conduct a de novo sentencing hearing rather than simply a classification hearing. We disagree.

**{¶16}** If there is an error in classification, only the portion of the defendant's sentence classifying him incorrectly under the sex offender classification system is void. *State v. Hurst*, 5th Dist. No. 12-CA-20, 2012-Ohio-6075. If an appeals court determines a defendant has been improperly classified, the remedy for this improper classification is to remand the matter to the trial court for classification proceedings in accordance with the law in effect at the time the offenses were committed. *State v. Dillon*, 5th Dist. No. CT11-0062, 2012, 2012-Ohio-773. The sex offender classification proceedings under Megan's Law were determined by the Ohio Supreme Court to be civil in nature and are separate and distinct from an offender's underlying criminal conviction and sentence. *State v. Wood*, 5th Dist. No. 09-CA-205, 2010-Ohio-2759, citing *State v.*

*Cook*, 83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570 (1998); and *State v. Williams*, 88 Ohio St.3d 513, 527, 728 N.E.2d 342 (2000). Accordingly, the trial court in this case did not err as a matter of law in failing to conduct a de novo sentencing hearing due to the incorrect classification. In this case, due to the Ohio Supreme Court's ruling in *State v. Williams*, 129 Ohio St.3d 344, 952 N.E.2d 1108 (2011), appellant was incorrectly classified under the AWA. The trial court thus properly conducted a classification hearing in accordance with Former R.C. 2950, Megan's Law, in effect at the time the offenses were committed.

{¶17} The trial court utilized the term "resentencing" in its August 10, 2012 judgment entry setting for hearing appellant's "motion to resentence him according to the statutorily mandated sentencing scheme in place at the time his crimes were allegedly committed." Due to the pendency of the *Bates III* appeal, the original date set for the hearing was continued. On December 7, 2012, the trial court again set the classification hearing and specifically stated that appellant's entire sentence is not void pursuant to *State v. Harris*, 132 Ohio St.3d 318, 972 N.E.2d 509, 2012-Ohio-1908 (2012). We find the use of the word "resentencing" in the trial court's initial entry setting hearing does not vacate appellant's entire sentence, See *State v. Bates*, 5th Dist. Nos. 2012-CA-06, 2012-CA-10, 2012-Ohio-4360, and the trial court properly granted appellant's request by reclassifying him according to the statutorily mandated sentencing scheme (i.e. Megan's Law) in place at the time his crimes were committed. The trial court did not err in failing to vacate appellant's entire sentence.

{¶18} Appellant's first assignment of error is overruled.

II.

**{¶19}** Appellant next argues the trial court erred as a matter of law in failing to hold a sexual predator determination hearing, by denying appellant the ability to call witnesses during the sexual predator determination hearing, and in failing to make findings of fact regarding whether appellant is or is not a sexual predator. Appellant also again argues the trial court erred in failing to vacate his entire sentence and conduct a de novo sentencing hearing.

**{¶20}** Appellant bases his argument on former R.C. 2950.09(B), which provided that a trial court "shall conduct a hearing to determine whether the offender is a sexual predator," Former R.C. 2950.09(B)(1)(a), and the offender "shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender * * * is a sexual predator." Former R.C. 2950.09(B)(2). The statute also lists the factors a trial court should consider when determining whether an offender is a sexual predator. Former R.C. 2950.09(B)(3).

**{¶21}** A court does not need to interpret a statute "when statutory language is plain and unambiguous and conveys a clear and definite meaning." *Campbell v. Carlisle,* 127 Ohio St.3d 275, 939 N.E.2d 153, 2010–Ohio–5707, ¶ 8. The plain language of the statute indicates the trial court "shall" conduct a hearing as to whether appellant is a sexual predator. Here, the State of Ohio, both in writing prior to the classification hearing and during the classification hearing itself, stipulated that it was not seeking to classify appellant as a sexual predator and was seeking to classify appellant as the least-restrictive classification under Megan's Law, a sexually oriented

offender.  When the trial court inquired of appellant as to whether he objected to the proposed finding that there was not clear and convincing evidence to establish he was not a sexual predator, appellant stated he did not object to that proposed finding. Pursuant to Former R.C. 2950.09(B), the trial court was only required to permit witnesses, testimony, and evidence as to whether appellant is a sexual predator.  Since appellee stipulated appellant would not be classified as a sexual predator and appellant stated he did not object to the proposed finding that he was not a sexual predator, the trial court was not required to permit witnesses, testimony, and evidence on appellant's sexual predator determination.  Further, the trial court did not err in failing to list factual findings regarding appellant's sexual predator status since all parties agreed to the trial court's proposed finding that appellant would not be classified as a sexual predator.

{¶22} Further, when Megan's Law was in effect, the Ohio Supreme Court held that if a defendant was convicted of a sexually oriented offense as defined in R.C. 2950.01(D) and was neither a habitual sexual offender nor a sexual predator, the sexually oriented offender designation attached as a matter of law and a trial court need not make a factual determination as to the offender's likelihood to reoffend.  *State v. Hayden*, 96 Ohio St.3d 211, 773 N.E.2d 502, 2002-Ohio-4169 (2000).  Thus, a hearing is required to classify a defendant as a sexual predator or habitual sex offender because the trial court must make factual findings and determinations.  *Id.*  However, under Megan's Law, due process is not violated when a defendant is classified as a sexually oriented offender without permitting him to call witnesses that testified during the trial when the classification is automatic based upon the offense committed.  *Id.*, see also *In re Adrian R.*, 5th Dist. No. 08-CA-17, 2008-Ohio-6581 (holding no due process

violation occurs where the law required an offender to be registered based upon the facts of the conviction alone).

{¶23} The Ohio Supreme Court defined a sexually oriented offender under Megan's Law as a "person who has committed a sexually oriented offense as the term is defined in R.C. 2950.01(D) but who does not fit the description of either habitual sexual offender or a sexual predator." *State v. Hayden,* 96 Ohio St.3d at 213. Former R.C. 2950.01(D), in effect at the time appellant was convicted, includes the following in the definition of "sexually oriented offender": "(b) Any of the following offenses involving a minor, in the circumstances specified: (iii) a violation of division (A)(1) or (2) of section 2907.321 or 2907.322 of the Revised Code * * *." Here, appellant was found guilty of twelve counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(1). In this case, because appellant was convicted of a sexually oriented offense as defined in Former R.C. 2950.01(D) and is neither a habitual sexual offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law and the trial court need not make factual determinations such as the offender's likelihood to reoffend. This case is thus analogous to *State v. Hayden* because there was no discretion on the part of the trial court and appellant is classified by operation of law. Accordingly, the trial court did not err in failing to permit appellant to call witnesses at the classification hearing. Appellant's second assignment of error is overruled.

III.

**{¶24}** Appellant contends that the trial court's March 1, 2013 judgment entry does not comply with Criminal Rule 32(C) and there is no judgment of conviction that contains the registration requirements and penalties for violating the registration requirements. We disagree.

**{¶25}** Former R.C. 2950.03(B)(1) provides specific instructions for the notice that is required to be given to defendants who qualify for such notice pursuant to Former R.C. 2950.03(A). The March 1, 2013 judgment entry entered by the trial court complies with Former R.C. 2950.03(B)(1) because it specifically details when appellant must register, where he must register, how often he has to verify his address in person, what procedure he must follow if he changes his residence address, and details the penalties for the failure of appellant to register.

**{¶26}** Further, the Ohio Supreme Court determined that the classification scheme contained in former R.C. 2950 (Megan's Law) is civil in nature and has the valid remedial and non-punitive purpose of protecting the public. *State v. Cook*, 83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570 (1998); and *State v. Williams*, 88 Ohio St.3d 513, 527, 728 N.E.2d 342 (2000). Under Megan's Law, the sexual offender classification is not part of a defendant's sentence or underlying criminal conviction, but is a civil action within the underlying criminal case. *Billiter v. O'Farrell*, 5th Dist. No. 2012AP090055, 2013-Ohio-792; *State v. Wood*, 5th Dist. No. 09-CA-205, 2010-Ohio-2759;

**{¶27}** The trial court's original sentencing entry and judgment entry of conviction was issued by the trial court on April 17, 2008. After appellant filed a motion to correct

judgment entry of sentence to comport with Criminal Rule 32(C), the trial court filed a judgment entry of sentence pursuant to Civ.R. 60(A), again sentencing appellant to an aggregate term of thirteen years in prison. As determined by this Court in *Bates II*, the judgment entry of sentence dated August 26, 2011 complies with Criminal Rule 32(C) and is not invalid. As discussed above, the classification proceedings are limited to that issue only, are civil in nature, and the classification is not a part of appellant's sentence or underlying criminal conviction. Accordingly, since Criminal Rule 32(C) deals with a "judgment entry of conviction" and the classification proceedings pursuant to Megan's Law are not part of appellant's sentence or conviction, the trial court did not err in entering the judgment entry of March 1, 2013 as the judgment entry contained the notice requirements set forth in Former R.C. 2950.03(B)(1). Appellant's third assignment of error is overruled.

IV.

{¶28} Appellant alleges the trial court erred as a matter of law by failing to advise him of right to appeal. We disagree. First, appellant fails to cite any legal authority or statues in support of his argument that the trial court is required to advise him of his right to appeal after reclassification.

{¶29} However, even assuming the trial court was required to notify appellant of his appellate rights, we find any error is harmless in this case because appellant has not suffered any prejudice. Appellant filed a timely appeal in this matter, the trial court granted his motion to have the transcript of the classification hearing prepared at the State of Ohio's expense, and his arguments are being considered by this Court. See

*State v. Whetstone*, 5th Dist. No. 2010CA00132, 2011-Ohio-1957. Accordingly, we find no reversible error and appellant's fourth assignment of error is overruled.

V.

**{¶30}** Appellant argues his sentence is contrary to law because the original sentencing entry requires appellant to register pursuant to the AWA, the trial court wrongly considered a victim impact statement in its original sentencing entries, his indictment did not contain a chargeable offense, and his actions were protected speech as determined by the United States Supreme Court and thus there was no evidence to support his conviction. We disagree.

**{¶31}** As discussed above, the trial court properly classified appellant as a sexually oriented offender, notified him at the hearing of his registration duties, and the penalties for failing to register. The March 1, 2013 judgment entry signed by appellant and the trial court details appellant's registration requirements under Megan's Law and corrects his classification pursuant to the decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108 (2011). Thus, there is a judgment entry containing the proper registration requirements for appellant and corrects the incorrect classification in the original sentencing entry. The original judgment entry of conviction and sentence is not invalid or incorrect simply because it contains the requirements imposed on appellant by the AWA, as the judgment entry complied with the law in effect at the time of sentencing. *State v. Bates*, 5th Dist. Nos. 2012-CA-06, 2012-CA-10, 2012-Ohio-4360.

**{¶32}** The balance of appellant's arguments regarding the sufficiency of the indictment, evidence considered at his original sentencing hearing, and the sufficiency

and weight of the evidence are res judicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Appellant either raised or could have raised these arguments during his direct appeal. Accordingly, appellant's fifth assignment of error is overruled.

VI.

**{¶33}** Appellant finally argues the trial court erred in denying his motion prior to the classification hearing for an opportunity to review the pre-sentence investigation and victim impact statement because he was entitled to utilize these documents to make arguments regarding the statutory factors listed in R.C. 2950.09(B). Appellant also contends the trial court improperly considered the victim impact statement submitted by his wife in the trial court's April 18, 2008 and August 28, 2011 sentencing entries. We disagree.

**{¶34}** As discussed supra, appellant's sexually oriented offender classification arose by operation of law. Thus, pursuant to *State v. Hayden*, the trial court did not err in not permitting appellant to utilize the pre-sentence investigation and victim impact statement at the classification hearing. *State v. Hayden*, 96 Ohio St.3d 211, 773 N.E.2d 502, 2002-Ohio-4169 (2000). Further, neither party objected to the trial court's proposed finding that appellant would not be classified as a sexual predator and thus no evidence was required pursuant to R.C. 2950.09(B).

**{¶35}** Any argument made by appellant that the trial court improperly considered the victim impact statement in its original sentencing entries of April 18, 2008 and

August 28, 2011 is res judicata because appellant either raised or could have raised this argument during the appeal of these sentencing entries. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). As discussed supra, only the portion of appellant's sentencing entry providing his classification under the AWA is void and, under Megan's Law, the sexual offender classification is not part of a defendant's sentence, but is a civil action within the underlying criminal case. *Billiter v. O'Farrell*, 5th Dist. No. 2012AP090055, 2013-Ohio-792. Accordingly, appellant's sixth assignment of error is overruled.

{¶36} Based on the foregoing, appellant's assignments of error are overruled and the March 1, 2013 judgment entries of the Guernsey County Court of Common Pleas are affirmed.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


WSG:clw 1010

[Cite as *State v. Bates*, 2013-Ohio-4768.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO      :
           :
    Plaintiff-Appellee  :
           :
           :
-vs-          :    JUDGMENT ENTRY
           :
BRYAN W. BATES     :
           :
           :
    Defendant-Appellant :    CASE NO. 13 CA 9

For the reasons stated in our accompanying Memorandum-Opinion, the March 1, 2013 judgment entries of the Guernsey County Court of Common Pleas are affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER