CAMPBELL ET AL., APPELLEES, *v*. CITY OF CARLISLE, APPELLANT.

[Cite as *Campbell v. Carlisle*, 127 Ohio St.3d 275, 2010-Ohio-5707.]

*Taxation — Current agricultural-use valuation — When the owner of farmland who has successfully obtained a current agricultural-use valuation of his property pursuant to R.C. 5713.31 petitions to detach the farmland from a municipal corporation, the amount of property taxes the owner "is taxed and will continue to be taxed" for purposes of R.C. 709.42 is the amount of taxes assessed by the county auditor based on the current agricultural-use valuation of the farmland.*

(No. 2010-0209 — Submitted September 29, 2010 — Decided November 30, 2010.)

APPEAL from the Court of Appeals for Warren County, No. CA2009-05-053, 2009-Ohio-6751.

_____

**SYLLABUS OF THE COURT**

When the owner of farmland who has successfully obtained a current agricultural-use valuation of his property pursuant to R.C. 5713.31 petitions to detach the farmland from a municipal corporation, the amount of property taxes the owner "is taxed and will continue to be taxed" for purposes of R.C. 709.42 is the amount of taxes assessed by the county auditor based on the current agricultural-use valuation of the farmland.

_____

**BROWN, C.J.**

**Factual and Procedural Background**

{¶ 1} Appellants, Wallace and Helen Campbell, own approximately 40 acres of farmland within the city of Carlisle. In 2007, the Campbells filed a

petition pursuant to R.C. 709.41 in the Court of Common Pleas of Warren County seeking detachment of their farmland from the city.

{¶ 2} The city opposed detachment of the Campbells' property. Following a hearing, the court of common pleas found that the annual taxes assessed on the land totaled $172.[1] The county auditor had calculated that amount by multiplying the applicable property tax rates times the land's assessed value, which was calculated based on the current agricultural-use valuation ("CAUV") of the 40 acres. The court took judicial notice that approximately 80 percent of the annual property taxes were assessed in support of the local school district—not in support of the municipality—and thus would be assessed irrespective of whether the property was within the city of Carlisle or detached from it. The court concluded that the Campbells had failed to establish that "the property is being taxed and will continue to be taxed for municipal purposes in excess of the benefits conferred" on them. Accordingly, the court denied the petition for detachment because the Campbells had failed to demonstrate a requirement for detachment imposed by R.C. 709.42.

{¶ 3} The Campbells appealed to the Twelfth District Court of Appeals. They argued that the trial court erred in using the $172 figure for the yearly amount "the property is being taxed and will continue to be taxed for municipal purposes." R.C. 709.42. The court of appeals agreed. In a unanimous opinion, the court observed that had the property not qualified for the agricultural-use

---

1. Examination of the property records maintained by the Warren County auditor show a tax liability of $69.56 on a 17.47-acre parcel owned by the Campbells and $92.40 on a 22.533-acre parcel, producing an annual tax liability for both parcels of $161.96. At the hearing, however, the Campbells' expert affirmed counsel's representation that the annual tax liability on both parcels totaled "around $172." In light of our disposition of this case, the difference in the calculations is of no consequence.

valuation, the Campbells' yearly property taxes would amount to $12,538.99.[2]  It held that the trial court should have used this larger amount in comparing the municipal benefits that the Campbells received against the taxes that they paid. The court of appeals remanded the cause "with instructions to determine under R.C. 709.42 whether, in the absence of the CAUV valuation, a tax assessment of $12,538.99 on appellants' property for municipal purposes is in substantial excess of the benefits conferred" upon the Campbells by reason of their land being within the city of Carlisle.

**Analysis**

{¶ 4}  R.C 5713.31 authorizes an owner of agricultural land to file an application with the county auditor requesting that the land be valued for real property tax purposes at the current value of the land when used exclusively for agricultural purposes, i.e., its CAUV.  Upon determination by the auditor that the land is "land devoted exclusively to agricultural use," the auditor is required to appraise the land for real property tax purposes in accordance with the CAUV rules adopted by the tax commissioner. The auditor is then required to use the CAUV, rather than the land's "true value,"  in determining the value of the land for tax purposes.  R.C. 5713.31; R.C. 5713.03.

{¶ 5}  R.C. 709.42, which addresses the hearing and decision on detachment, provides:  "If, upon the hearing of a cause of action as provided by section 709.41 of the Revised Code, the court of common pleas finds [1] that the lands are farm lands, and [2] are not within the original limits of the municipal corporation, [3] that by reason of the same being or remaining within the

---

2. The record includes an exhibit from the Warren County auditor's office stating that $12,583.99 is the estimated tax recoupment amount that the Campbells would be required to pay had they changed the use in 2009 and no longer benefited from a CAUV.  Pursuant to R.C. 5713.34(A)(1), a recoupment amount represents the preceding three years of tax savings.  The amount is irrelevant based on our holding that the relevant tax liability in an R.C. 709.41 action is the amount paid after CAUV status has been granted, not the amount of taxes due based on the true value of the land.

municipal corporation the owner thereof is taxed and will continue to be taxed thereon for municipal purposes in substantial excess of the benefits conferred by reason of such lands being within the municipal corporation, and [4] that said lands may be detached without materially affecting the best interests or good government of such municipal corporation or of the territory therein adjacent to that sought to be detached; then an order and decree may be made by the court, and entered on the record, that the lands be detached from the municipal corporation and be attached to the most convenient adjacent township in the same county. Thereafter the lands shall not be a part of the municipal corporation but shall be a part of the township to which they have been so attached. The costs shall be taxed as may seem right to the court." (Enumeration added.) Moreover, R.C. 709.41 provides that a detachment action may not be brought within five years from the time that the lands were annexed by the municipal corporation.

{¶ 6} In the case at bar, the city does not dispute that the land was used exclusively for agricultural purposes, that it was not within the original limits of the city of Carlisle, and that at least five years had elapsed from the time the property had originally been annexed into the municipal corporation. The trial court found that the city had not proven that the proposed detachment would detrimentally affect good government of the city. The city did not appeal this finding.

{¶ 7} The sole issue presented to us, therefore, is the correct interpretation of the third requirement of R.C. 709.42, i.e., whether by reason of the Campbells' property "being or remaining within the municipal corporation the owner thereof is taxed and will continue to be taxed thereon for municipal purposes in substantial excess of the benefits conferred by reason of such lands being within the municipal corporation."

{¶ 8} We find the third requirement established by R.C. 709.42 to be unambiguous. When statutory language is plain and unambiguous and conveys a

4

clear and definite meaning, this court need not invoke rules of statutory interpretation. *State v. Muncie* (2001), 91 Ohio St.3d 440, 447, 746 N.E.2d 1092. To do so would constitute "not interpretation but legislation, which is not the function of courts." *Iddings v. Jefferson Cty. School Dist. Bd. of Edn.* (1951), 155 Ohio St. 287, 290, 44 O.O. 294, 98 N.E.2d 827. R.C. 709.42 requires a trial court presiding over detachment proceedings to determine the amount "the owner * * * *is taxed* and will continue to be taxed * * * for municipal purposes." (Emphasis added.) The record before the court suggested that the Campbells are taxed $172 annually on the 40 acres of land they sought to detach, having benefited from the CAUV for which they applied pursuant to R.C. 5713.31. The plain text of the detachment statute compels the conclusion that it is irrelevant that the Campbells would have been assessed significantly higher taxes had they not applied for, and obtained, the CAUV for their property. The annual amount of property tax the Campbells "are taxed" is $172.

{¶ 9} In addition, the Campbells will "continue to be taxed," as that phrase is used in R.C. 709.42, based on the CAUV of their land, assuming that they continue to file their renewal CAUV application each year and continue to use the property exclusively for agricultural purposes. In the event that the Campbells stop applying for the CAUV or change the use of the property so that it is not eligible for the CAUV, their tax liability will increase because a higher valuation of the land will be used for tax purposes.

{¶ 10} Should the Campbells fail to apply for a CAUV but continue to use the land for agricultural use, the higher property valuation would be relevant for detachment purposes, because the property taxes would be assessed based on the higher property valuation. However, nothing in the record suggests that the Campbells intend to forgo applying for a CAUV or change the use of the property. To the contrary, Helen Campbell testified that she intends to preserve the land as farmland and retain it as a farm in the future. We conclude that the

Campbells not only "are taxed" based on the CAUV of their property but will also "continue to be taxed" based on the CAUV of their property.

{¶ 11} R.C. Chapter 5713 further supports the conclusion that the amount of tax paid by the Campbells after the CAUV is applied is the amount that they "are taxed" based on the CAUV. R.C. 5713.30 through 5713.38 provide the statutory framework for CAUV for property-tax purposes. Pursuant to R.C. 5713.34, in the event that property qualified for CAUV ceases to be devoted exclusively to agricultural use, the tax savings on the converted land during the three immediately preceding tax years may be recouped by the auditor. The definition of "tax savings" is instructive. "Tax savings" is defined as "the difference between the dollar amount of real property taxes *levied* in any year on land valued and *assessed* in accordance with its current agricultural use value and the dollar amount of real property taxes *that would have been levied upon such land* if it had been valued and assessed for such year in accordance with Section 2 of Article XII, Ohio Constitution." (Emphasis added.) R.C. 5713.30(C). Those provisions support the conclusion that the amount of property tax the Campbells were taxed in the year they filed the detachment action is the amount the county auditor assessed and the Campbells actually paid.

{¶ 12} We therefore conclude that when the owner of farmland who has successfully obtained a current agricultural-use valuation of his property pursuant to R.C. 5713.31 petitions to detach the farmland from a municipal corporation, the amount of property taxes the owner "is taxed and will continue to be taxed" for purposes of R.C. 709.42 is the amount of taxes assessed by the county auditor based on the current agricultural-use valuation of the farmland. Based on the unambiguous text of the relevant statutes and the record before it, the trial court did not err in denying the Campbells' detachment petition.[3]

---

3. R.C. 709.42 refers to the amount the landowner "is taxed and will continue to be taxed thereon *for municipal purposes*." (Emphasis added.) Neither the trial court nor the court of appeals

Judgment reversed.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., concurs in judgment only.

_____

Ruppert, Bronson & Ruppert Co., L.P.A., Rupert E. Ruppert, and Mary C. Patton-Coffman, for appellees.

David A. Chicarelli Co., L.P.A., and David A. Chicarelli, for appellant.

Schottenstein, Zox & Dunn Co., L.P.A., Stephen L. Byron, Stephen J. Smith, and Jeremy M. Grayem; and John Gotherman, urging reversal for amicus curiae Ohio Municipal League.

_____

specifically determined the amount of property taxes paid by the Campbells that was used for "municipal purposes" as opposed to nonmunicipal uses, e.g., support of school or park districts. We note that counsel for the Campbells conceded during oral argument that the Campbells could not prevail on their detachment action if the trial court correctly used the $172 figure as the amount the Campbells were taxed. In so doing, counsel effectively conceded that if the trial court was correct, the benefits the Campbells received as a result of their land being within city limits outweighed the taxes they paid for municipal purposes. In light of this concession and the trial court's recognition that 80 percent of the $172 tax represented funds to be paid to the local school district, we conclude that remand to the trial court in this case is unnecessary.