[Cite as *State ex rel. McClelland*, 2013-Ohio-5442.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100427**

# STATE OF OHIO, EX REL. JOHN A. JOHNSON

RELATOR

vs.

# JUDGE ROBERT C. McCLELLAND, ET AL.

RESPONDENTS

**JUDGMENT:**
COMPLAINT DISMISSED

Writ of Mandamus/Procedendo
Motion No. 469156
Order No. 469777

**RELEASE DATE:**  December 6, 2013

**FOR RELATOR**

John Johnson, pro se
  Inmate No. 145-213
Hocking Hills Correctional Institution
16759 Snake Hollow Road
P.O. Box 59
Nelsonville, Ohio 45764-0059

**ATTORNEYS FOR RESPONDENTS**

Timothy J. McGinty
Cuyahoga County Prosecutor
James E. Moss
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} John A. Johnson seeks a writ of mandamus/procedendo in order to compel Judge Robert C. McClelland and the Cuyahoga County Court of Common Pleas, the respondents, to resentence him in *State v. Johnson*, Cuyahoga C.P. No. CR-023071 (Mar. 5, 1976). Johnson alleges that an order of the Supreme Court of Ohio, as journalized on August 16, 1978, requires that he "be brought back before said lower court [Cuayhoga Cty. Court of Common Pleas] to have a proper and legal Journal Entry Order of Commitment issued, as well as a legal Valid Final Appealable Order issued in case No. CR-023071 that comports with both State and Federal laws without unnecessary delay." The respondents have filed a motion to dismiss, which we grant for the following reasons.

{¶2} A writ of procedendo shall issue if a court has refused to render a judgment or has unnecessarily delayed in proceeding to judgment. *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 2007-Ohio-2882, 868 N.E.2d 270. In addition, for this court to issue a writ of mandamus, Johnson must establish: (1) he possesses a clear legal right to the requested relief; (2) the respondents possess a clear legal duty to perform the requested relief, and (3) there exists no adequate remedy in the ordinary course of the law. In addition, although mandamus may be employed to compel a court to exercise judgment or discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); *State ex rel. Pressley v. Indus.*

*Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967). Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept 26, 1994).

{¶3} If Johnson possessed an adequate remedy in the ordinary course of the law, regardless of whether the remedy was employed, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108. Moreover, mandamus is an extraordinary remedy that is to be exercised with great caution and granted only when the right is clear. Mandamus will not issue in doubtful cases. *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953). Furthermore, mandamus will not issue to compel a vain act. *State ex rel. Cotton v. Ghee*, 84 Ohio St.3d 54, 1998-Ohio-679, 701 N.E.2d 989.

{¶4} Contrary to Johnson's claim, the Supreme Court of Ohio did not vacate his original sentence of death and remand for resentencing. The Supreme Court of Ohio, on August 16, 1978, modified the sentence of death to life imprisonment.

> The Court coming now to consider the judgment of the Supreme Court of the United States in the cases of *Lockett v. Ohio* and *Bell v. Ohio*, and in conformity with the mandates issued on the basis thereof, hereby orders that the judgments in the cases set forth hereinafter, affirming the *death sentence of each of the defendants* [78-510 *State of Ohio v. John Johnson*] named therein, *are hereby modified and the death sentence of each of such defendants is reduced to life imprisonment*. (Emphasis added.)

{¶5} Thus, no duty was created that required the respondents to conduct a new sentencing hearing. Johnson's sentence was modified, by the Supreme Court of Ohio, to life imprisonment.

{¶6} In addition, the doctrine of res judicata prevents this court from issuing a writ of mandamus/procedendo on behalf of Johnson. In two separate original actions, as premised upon petitions for writs of habeas corpus, the Supreme Court of Ohio held that Johnson was not entitled to resentencing pursuant to Crim.R. 32 and Crim.R. 43 after the sentence of death was modified to life imprisonment. *See Johnson v. Hudson*, 118 Ohio St.3d 308, 2008-Ohio-2451, 888 N.E.2d 2451; *Johnson v. Mitchell*, 85 Ohio St.3d 123, 1999-Ohio-441, 707 N.E.2d 471. Thus, the doctrine of res judicata prevents Johnson from arguing that he is entitled to be resentenced. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). *See also Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 692 N.E.2d 140 (1998), *Johnson's Island, Inc. v. Danbury Twp. Bd. of Trustees*, 69 Ohio St.2d 241, 431 N.E.2d 672 (1982).

{¶7} Finally, Section 3 of S.B. 1, which became effective on October 19, 1981, applies only if the sentence of death is vacated. *State v. Garduno*, 11th Dist. Portage No. 2012-P-0139, 2013-Ohio-4300. Because the Supreme Court of Ohio modified the sentence of death, but did not vacate the sentence for aggravated murder, Johnson is not entitled to a resentencing hearing pursuant to Section 3 of S.B. 1.

{¶8} Accordingly, we grant the respondents' motion to dismiss. Costs to Johnson. The court directs the clerk of court to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶9} Complaint dismissed.

_____

MARY EILEEN KILBANE, J.

MELODY J. STEWART, A.J., and
LARRY A. JONES, J., Concur