[Cite as *State v. Perry*, 2013-Ohio-5803.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2011-L-125** |
| KYLE J. PERRY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 10 CR 000730.

Judgment: Reversed and remanded.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Timothy Young*, Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215-9308 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} On March 28, 2013, this court granted Kyle J. Perry's motion to reopen his direct appeal on a single, narrow issue. We stated: "the sole issue upon which this court grants reopening is whether appellate counsel was ineffective for failing to raise a violation of R.C. 2945.75(A)(2) in the prior appeal." This issue stems from the jury verdict forms, judgment of conviction, and sentencing below. For the reasons that follow, we reverse and remand this case for entry of a judgment of conviction for a

felony of the second degree, as set forth herein, and for resentencing in accord with that conviction.

{¶2} Perry was found guilty of multiple offenses relating to a series of burglaries and weapons possession. In addition to the numerous burglary charges, Perry was convicted of engaging in a pattern of corrupt activity, a felony of the first degree. The offense of engaging in a pattern of corrupt activity can be either a first or second degree felony depending on the severity of the underlying offenses. *See* R.C. 2923.32(B)(1). The indictment in Perry's case charged him with engaging in a pattern of corrupt activity, a felony of the first degree; however, it does not appear the indictment alleges any aggravating factors that would make the offense a felony of the first degree pursuant to R.C. 2923.32(B)(1). The jury verdict form with respect to this charge contained neither the degree of offense nor a reference to the finding of an aggravating element. Perry was convicted of, and sentenced for, the first-degree-felony version of engaging in a pattern of corrupt activity.

{¶3} Perry presents two assignments of error for our consideration on the reopened appeal:

> [1.] The trial court committed reversible error when it entered a judgment of conviction against Mr. Perry for first-degree-felony engaging in a pattern of corrupt activity, in violation of R.C. 2945.75, and in violation of Mr. Perry's rights to due process under the Fourteenth Amendment to the United States Constitution, and Article I, Section 16 of the Ohio Constitution. * * *

> [2.] By failing to raise on Mr. Perry's behalf an assignment of error arguing that the trial court committed reversible error when it entered a judgment of conviction against Mr. Perry for first-degree-felony engaging in a pattern of corrupt activity, in violation of R.C. 2945.75, original appellate counsel provided Mr. Perry with ineffective assistance, in violation of the Fourteenth Amendment to the United States Constitution. App.R. 26(B)(7). * * *

2

**{¶4}** In response, the state of Ohio concedes that Perry was incorrectly convicted of a felony of the first degree and requests that the case be remanded for resentencing for a conviction of a felony of the second degree. In light of this request, the state argues that the second assignment of error is moot.

**{¶5}** As this appeal presents issues solely of law, our standard of review is de novo. *State v. Garduno*, 11th Dist. Portage No. 2012-P-0139, 2013-Ohio-4300, ¶11.

**{¶6}** R.C. 2945.75(A)(2) was authoritatively interpreted by the Ohio Supreme Court in *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256. The Court held that where the severity of an offense varies depending on the presence or absence of specific elements, a defendant can be convicted of the more serious degree of the offense only when the signed jury verdict forms either indicate the degree of the offense of conviction or state that an aggravating element has been found. *Id*. at ¶4. Therefore, where the verdict forms are silent regarding the degree of the offense of conviction or the presence of aggravating elements, R.C. 2945.75(A)(2) and *Pelfrey* require the trial court to enter a conviction and sentence on the least degree of the offense. *Id*. Additional facts and circumstances of the case not found on the face of the signed jury verdict forms cannot cure the defect. *Id*. at ¶14.

**{¶7}** In this case, the jury verdict forms finding Perry guilty contained neither the specific degree of the offense of engaging in a pattern of corrupt activity nor any finding of the presence of aggravating elements. Thus, Perry can only be convicted of the least degree of that crime, to wit: a felony in the second degree. The trial court erred when it entered a conviction for, and sentenced Perry pursuant to, a first-degree felony.

3

{¶8} This court is aware that certain provisions of *Pelfrey* have been limited. In *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, ¶17, the defendant was charged with possession of drugs; the indictment specified the drug as cocaine. The defendant unsuccessfully argued that, pursuant to *Pelfrey*, he could be sentenced only to a misdemeanor because the jury verdict form neither specified that the drug involved was cocaine nor indicated the degree of offense. Possession of cocaine is a felony. The Ohio Supreme Court held that a jury verdict form, finding an accused guilty of possession of drugs as charged in the indictment, supported the defendant's conviction for possession of cocaine when the indictment, evidence, and jury instructions all referred only to cocaine. *Id.* at ¶19.

{¶9} The Fourth Appellate District followed *Eafford* in *State v. Sowers*, 4th Dist. Gallia No. 06CA13, 2013-Ohio-3265. The Fourth District stated: "[In *Eafford*], the Ohio Supreme Court reversed the Eighth District's judgment, in part, because the verdict form made reference to the count of the indictment that specified 'cocaine' as the drug in question." *Id.* at ¶7 (citation omitted). In affirming the defendant's sentence for a second-degree felony, the Fourth District found that, as in *Eafford*, the jury verdict form referenced the indictment and the indictment stated the aggravating factor justifying a sentencing for the higher level of offense.

{¶10} R.C. 2923.32(B)(1) sets forth the factors to be considered that would allow Perry to be convicted of a felony of the first degree. Primarily, it is necessary that one of the underlying offenses be a felony of the first, second, or third degree, aggravated murder, or murder. In this case, as in *Eafford*, the jury verdict form references the indictment. However, although the indictment in this case indicates the offense of

4

engaging in a pattern of corrupt activity is a felony of the first degree, it does not allege any fact that would raise the offense to that level. Therefore, the distinctions from *Pelfrey* found in *Eafford* and *Sowers*, *supra*, do not apply here.

{¶11} This case is remanded for the trial court to enter a conviction for the second-degree felony of engaging in a pattern of corrupt activity and to resentence Perry accordingly on that count. As Perry's second assignment of error seeks the same relief granted above, it is moot, and thus it is not necessary to address the merits.

{¶12} It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is reversed and remanded to the trial court for the purpose of correcting the degree of offense, as set forth herein, and for resentencing in accord with that conviction.

DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.