[Cite as *State v. Moore*, 2014-Ohio-2525.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 13 MA 60 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| BRANDON MOORE, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
                              Court, Case No. 02 CR 525.


JUDGMENT:                     Affirmed.


APPEARANCES:
For Plaintiff-Appellee:        Attorney Paul J. Gains
                               Prosecuting Attorney
                               Attorney Ralph M. Rivera
                               Assistant Prosecuting Attorney
                               21 W. Boardman St., 6th Floor
                               Youngstown, OH 44503


For Defendant-Appellant:       Brandon Moore, Pro-se
                               #A434-865
                               Mansfield Correctional Institution
                               P.O. Box 788
                               Mansfield, OH 44901


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                               Dated: June 4, 2014

DeGenaro, P.J.

{¶1} Pro-se Defendant-Appellant, Brandon Moore appeals the April 8, 2013 judgment of the Mahoning County Court of Common Pleas classifying him as a sexually oriented offender pursuant to S.B. 5 and notifying him of the accompanying duties, following a remand by this court. On appeal, Moore asserts that the trial court lacked authority to proceed with the hearing while Moore's application for reconsideration was pending with this court. He also argues that the trial court failed to follow this court's order when classifying him on remand.

{¶2} Upon review, Moore's arguments are meritless. First, Moore failed to seek and obtain a stay of this court's decision in *Moore VI* pending our resolution of his motion for reconsideration of that decision; therefore the trial court properly proceeded with the classification hearing while the reconsideration motion was still pending. Second, the trial court followed this court's order and properly classified Moore as a sexually oriented offender pursuant to S.B. 5, former R.C. 2950. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3} Moore has been before this court numerous times; this is his seventh appeal. In October 2002, following a jury trial, Moore was convicted of 12 counts of aggravated robbery, rape, complicity to rape, kidnapping, conspiracy to commit aggravated robbery, and aggravated menacing, along with 11 firearm specifications pursuant to R.C. 2941.145(A). On October 29, 2002, the trial court sentenced Moore to an aggregate term of 141 years in prison.

{¶4} On direct appeal, this court affirmed in part, reversed in part, and remanded the matter for resentencing, concluding that the trial court was limited to imposing, at most, one prison term for the firearm specifications contained in counts two and three of the indictment and, at most, three separate prison terms for the firearm specifications in counts one, four, five, six, seven, eight, nine, and ten. *State v. Moore* (*Moore I*), 161 Ohio App.3d 778, 2005-Ohio-3311, 832 N.E.2d 85, ¶115 (7th Dist.). Moore applied to reopen his direct appeal based on an alleged speedy trial violation, which was denied. *State v.*

*Moore*, 7th Dist. No. 02 CA 216, 2005-Ohio-5630, 2005 WL 2715460. Five further appeals followed.

**{¶5}** Pertinent to this appeal, in a March 27, 2013 opinion and judgment entry, this court concluded that while most of Moore's arguments were meritless, his argument concerning his Tier III sex offender classification was meritorious. *State v. Moore* (*Moore VI*), 2013-Ohio-1431, 990 N.E.2d 165 (7th Dist.). Specifically this court held that the "trial court did err in classifying Moore under S.B. 10, as it cannot be applied retroactively to offenders who committed their offenses before its effective date." This court held Moore was entitled to a classification hearing under the applicable law, which was S.B. 5, also known as Megan's Law. *See* former R.C. 2950. *Moore VI* at ¶38. Moore filed a timely application for reconsideration on April 4, 2013. However, Moore never moved this court to stay execution of the March 27, 2013 judgment pending resolution of his reconsideration motion, which this court denied on July 8, 2013. Moore appealed and the Ohio Supreme Court declined jurisdiction on December 4, 2013. *State v. Moore*, 137 Ohio St.3d 1421, 2013-Ohio-5285, 998 N.E.2d 1177 (Table).

**{¶6}** In the meantime, on April 8, 2013, after Moore filed his reconsideration motion but before this court ruled on it, the trial court held the sex offender classification hearing pursuant to this court's remand order. Moore was present along with his appointed counsel, with the trial court permitting Moore to argue on his own behalf along with counsel. Moore objected to the classification hearing going forward due to the pending reconsideration motion, contending the trial court lacked jurisdiction to proceed. The State elected not to pursue a full evidentiary hearing, instead asking that Moore be classified as a sexually oriented offender, the least burdensome classification and which attached as a matter of law based upon Moore's rape conviction. The trial court classified Moore as a sexually oriented offender pursuant to S.B. 5 and notified him of the duties that accompany that classification. That same day, the trial court issued a "judgment entry and notice of duties to register as an offender of a sexually oriented offense."

**Classification Hearing Proceeding While Reconsideration Motion Was Pending**

**{¶7}** In his first of two assignments of error, Moore asserts:

{¶8} "The trial court lacked subject-matter jurisdiction to impose on the appellant duties to register as a sexually oriented offender pursuant to 2950.03 and 2950.04 in violation of 5th and 14[sic] Amendment to Due Process and Ohio Constitution when the Appellant timely filed a timely Appellate Rule 26(A) Reconsideration."

{¶9} Moore argues that a timely application for reconsideration stays execution of an appellate court decision, divesting the trial court of jurisdiction to proceed with a remand that has been ordered by the court of appeals until the motion for reconsideration has been decided. Moore cites no law in support of this proposition. Conversely, the State argues that absent a stay of our remand order from this court, the trial court had jurisdiction to hold the sex offender classification hearing.

{¶10} Filing a timely application for reconsideration does extend the time to appeal to the Ohio Supreme Court, see App.R. 26(A)(1); S.Ct. Prac.R. 2.2(A)(5) and (6). However, from a procedural standpoint it does little else on its own. App.R. 27 provides:

> A court of appeals may remand its final decrees, judgments, or orders, in cases brought before it on appeal, to the court or agency below for specific or general execution thereof, or to the court below for further proceedings therein.

> A certified copy of the judgment shall constitute the mandate. A stay of execution of the judgment mandate pending appeal may be granted upon motion, and a bond or other security may be required as a condition to the grant or continuance of the stay.

See also State v. Arnold, 7th Dist. No. 23155, 2010-Ohio-6617, ¶1 (State filed a motion to stay execution of appellate court final judgment until court ruled on its application for reconsideration.)

{¶11} Here Moore failed to seek a stay of this court's March 27, 2013 judgment. Accordingly, Moore's first assignment of error is meritless.

### Sex Offender Classification Hearing

{¶12} In his second and final assignment of error, Moore asserts:

{¶13} "The trial courts [sic] erred when it failed to follow the mandate from the court of appeals in violation of the 5th and 14[sic] Amendment to Due Process and Ohio Constitution and substituted such mandate with its own proceedings"

{¶14} Moore contends that the trial court erred when it failed to follow this court's mandate contained in *Moore VI*: "This matter is remanded to the trial court for the limited purpose of holding a sex offender classification hearing, and to classify Moore pursuant to S.B. 5." *Moore VI, supra* at ¶39.

{¶15} Under S.B. 5, "the offender is entitled to a hearing where the trial court determines whether he should be classified as a sexual predator, a habitual sex offender or a habitual child-victim offender, or a sexually oriented offender." *State v. Sheriff*, 3d Dist. No. 8-11-14, 2012-Ohio-656, ¶16, citing former R.C. 2950.09.

{¶16} However, the Supreme Court has held that the "sexually oriented offender," classification, the least severe of the three, attaches as a matter of law:

> The Due Process Clauses of the Fourteenth Amendment to the United States Constitution and of Section 16, Article I of the Ohio Constitution do not require a trial court to conduct a hearing to determine whether a defendant is a sexually oriented offender. Instead, according to R.C. Chapter 2950, if a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D), and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law.

*State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, paragraph two of the syllabus.

{¶17} Here the State did not pursue the more severe classifications of sexual predator, or habitual sex offender. Accordingly, a full evidentiary hearing was not necessary.

{¶18} This is similar to the situation presented in *State v. Bates*, 5th Dist. No. 13 CA 9, 2013-Ohio-4768. There the defendant was classified under the Adam Walsh Act,

but later filed a motion to vacate and correct his sentence based upon the Ohio Supreme Court's decision in *State v. Williams*, 129 Ohio St.3d 344, 952 N.E.2d 1108 (2011), which held that defendants whose crimes were committed prior to the AWA's enactment should have been classified according to the statutory scheme in place at the time they committed their crimes, even if they were sentenced after the enactment of the AWA. The trial court accordingly held a hearing to reclassify Bates under the applicable law, i.e., Megan's Law, where Bates was classified as a sexually oriented offender.

{¶19} Bates appealed arguing, inter alia, that the trial court erred by failing to hold a full sexual predator determination hearing. The Fifth District overruled that assignment of error and affirmed the classification, explaining:

> A court does not need to interpret a statute "when statutory language is plain and unambiguous and conveys a clear and definite meaning." *Campbell v. Carlisle*, 127 Ohio St.3d 275, 939 N.E.2d 153, 2010–Ohio–5707, ¶ 8. The plain language of the statute indicates the trial court "shall" conduct a hearing as to whether appellant is a sexual predator. Here, the State of Ohio, both in writing prior to the classification hearing and during the classification hearing itself, stipulated that it was not seeking to classify appellant as a sexual predator and was seeking to classify appellant as the least-restrictive classification under Megan's Law, a sexually oriented offender.* * * Pursuant to Former R.C. 2950.09(B), the trial court was only required to permit witnesses, testimony, and evidence as to whether appellant is a sexual predator. Since appellee stipulated appellant would not be classified as a sexual predator and appellant stated he did not object to the proposed finding that he was not a sexual predator, the trial court was not required to permit witnesses, testimony, and evidence on appellant's sexual predator determination. * * *

*Bates* at ¶23.

**{¶20}** Here, the State also stipulated at the start of the hearing that it did not wish to pursue the more severe classifications:

> The state is not seeking to hold a full determination hearing based on sexual predator, but because of defendant's conviction under 2907.02, he is automatically a sexually oriented offender, and because of the defendant's out date being 2113 because of his sentence, we are not going to go through a full-blown hearing. We simply ask that the automatic sexually oriented offender classification be imposed.

**{¶21}** Defense counsel responded: "In fact what the state has proposed and [the prosecutor] stated is correct. He's getting the benefit of them [not] seeking anything other than the minimum of what would be imposed based on how the law has transpired * * *. "

**{¶22}** Later during the hearing, addressing Moore directly, the trial court stated:

> **THE COURT:** * * * In fact, what the state is proposing here is under the circumstance as - - I don't know if [defense counsel] told you this or not, under the circumstances, this is the best you can hope for because Senate Bill 5 law is that if you commit a rape, which you were convicted of, then you are a sexually oriented offender. That's the lowest classification you can get. But that's it.
>
> **THE DEFENDANT:** Right.
>
> **THE COURT:** And so the state is agreeing that they're not pursuing anything but that particular status.
>
> **THE DEFENDANT:** I understand, sir.

**{¶23}** The trial court then proceeded to classify Moore as a sexually oriented offender and properly notified him of the registration and other duties attached to the classification. *See* former R.C. 2950.03, 2950.04, 2950.06. The trial court also explained to Moore the penalties for failing to comply with his statutory duties as a sexually oriented

offender.  *See* former R.C. 2950.99.  Moore indicated he understood, but refused to sign the entry.

**{¶24}** The trial court followed this court's March 27, 2013 order and properly classified Moore as a sexually oriented offender pursuant to S.B. 5, former R.C. 2950. Accordingly, Moore's second assignment of error is meritless.

**{¶25}** In sum, both of Moore's assignments of error are meritless.  Moore failed to file and obtain a stay of this court's judgment remanding the matter for a sex offender classification hearing pending resolution of his motion for reconsideration; therefore the trial court properly proceeded with the hearing.  Further, the trial court followed this court's order and properly classified Moore as a sexually oriented offender pursuant to S.B. 5, former R.C. 2950.  Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.