[Cite as *Carver v. Carver*, 2015-Ohio-3941.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

Joseph C. Carver

　　　　Appellant

v.

Shirley J. Carver (Oney)

　　　　Appellee

Court of Appeals No. H-15-006

Trial Court No. DR 2005 0408

**DECISION AND JUDGMENT**

Decided: September 25, 2015

* * * * *

Joseph C. Carver, pro se.

* * * * *

**SINGER, J.**

{¶ 1} This is an appeal from the Huron County Court of Common Pleas denying a modification of child support. We affirm.

{¶ 2} On June 21, 2005 appellant, Joseph Carter, and appellee, Shirley Carver, were granted a divorce. Two children were born of the marriage. Appellant was to pay child support. Appellant paid child support until he was incarcerated on a felony

conviction for false statements and concealment of assets in bankruptcy.  He was sentenced in 2012 to a term of two years in prison.

{¶ 3} During his incarceration, appellant did not make any child support payments.  Appellant was released early for good behavior in November 2013.  He failed to make any support payments until March 2014.  The record reflects appellant received income advancements for four months subsequent to being released from prison.  During that time period, however, appellant made no effort to fulfill his support obligations.  The trial court, therefore, found appellant was in contempt.  Appellant now appeals setting forth the following two assignments of error:

I.  The trial court failed to address the issues registered through objections filed December 15, 2014, December 23, 2014 and a supplement filed on January 29, 2015.  The objection registered by Plaintiff-Appellant, Joseph Carver ("Father") through counsel John D. Allton #0002514, on or about January 27, 2015, that income should not have been imputed to father under Section 3119.05, addressing specifically under the No. 3 of the objections filed in whole that granting the plaintiff's objection for modification of his child support does not harm the mother or children.

II.  The trial court erred in failing to order CSEA to abide by the Ohio Revised Code and allowed income be imputed to Father during the time of imprisonment when R.C. 3119.05(I) prohibited a court or agency from imputing income to a parent incarcerated for more than twelve

2.

months, unless failing to do so would be unjust inappropriate, and not in the best interest of the child.

{¶ 4} Appellant's two assignments of error can be addressed as one. Appellant argues that as of September 28, 2012, Ohio law prohibits finding a parent who is incarcerated for 12 months or more to be voluntary unemployed. *See* R.C. 3119.05(I)(2). Therefore, appellant urges that the trial court erred by not ordering the Child Support Enforcement Agency (CSEA) to abide by the law in determining his child support obligation.

{¶ 5} This court must agree that R.C. 3119.05(I)(2) generally prohibits the imputation of income to an imprisoned parent. *Accord Kairn v. Clark*, 12th Dist. Warren Nos. CA2013-06-059, CA2013-08-071, 2014-Ohio-1890. We, however, must also note that the statute allows an exception when failing to impute income would be unjustly inappropriate and not in the best interest of the child. *Id.* at ¶ 18.

{¶ 6} The decision of a trial court regarding modification of a child support obligation falls within the court's sound discretion, and its decision will not be reversed absent a showing of an abuse of discretion. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 1997 Ohio 105, 686 N.E.2d 1108 (1997).

{¶ 7} This case also requires us to analyze R.C. 3119.05(I)(2). This statutory interpretation is a matter of law and therefore will be reviewed de novo. *State v. Kormos*, 2012-Ohio-3128, 974 N.E.2d 725, ¶ 13. We look to the plain language of the statute to determine the intent of the General Assembly. *State ex rel. Burrows v. Indus. Comm.*, 78

3.

Ohio St.3d 78, 81, 676 N.E.2d 519 (1997). A court does not need to interpret a statute "when statutory language is plain and unambiguous and conveys a clear and definite meaning." *Campbell v. City of Carlisle*, 127 Ohio St.3d 275, 2010-Ohio-5707, 939 N.E.2d 153, ¶ 8.

**{¶ 8}** The modification of a child support order is governed by the requirements of R.C. 3119.79. *Banfield v. Banfield*, 12th Dist. Clermont Nos. CA2010-09-066, CA2010-09-068, 2011-Ohio-3638, ¶ 18. In order to justify the modification of an existing support order, the moving party must demonstrate a substantial change in circumstances that "render[s] unreasonable an order which once was reasonable." *Id.*

**{¶ 9}** R.C. 3119.79(A) provides that a substantial change of circumstances occurs when a court recalculates the actual annual obligation required pursuant to the schedule and worksheet and the resulting amount is ten percent greater or less than the existing actual annual child support obligation. *McLaughlin v. Kessler*, 12th Dist. Fayette No. CA2011-09-021, 2012-Ohio-3317, ¶ 10.

**{¶ 10}** Where the calculation of child support involves a parent who is unemployed or underemployed, the trial court must consider the parent's gross income and "potential income." R.C. 3119.01(C)(5)(b). "Potential income" is income the parent would have earned if he or she had been fully employed. R.C. 3119.01(C)(11). In determining the parent's potential income, the court must first determine whether the parent is voluntarily unemployed or underemployed. *Id.* The court then may impute the potential income to the parent in accordance with the factors enumerated under R.C.

4.

3119.01(C)(11)(a). *Justice v. Justice*, 12th Dist. Warren No. CA2006-11-134, 2007-Ohio-5186, ¶ 8.

{¶ 11} R.C. 3119.05(I) addresses the imputation of income for imprisoned parents. The statute provides:

> (I) *Unless it would be unjust or inappropriate and therefore not in the best interests of the child*, a court or agency shall not determine a parent to be voluntarily unemployed or underemployed and shall not impute income to that parent if either of the following conditions exist:
>
> (1) * * *
>
> (2) The parent is incarcerated or institutionalized for a period of twelve months or more with no other available assets, * * *. (Emphasis added.) R.C. 3119.05(I)(2).

{¶ 12} Appellant was employed as a doctor prior to his conviction and incarceration for hiding his assets in bankruptcy. Appellant, furthermore, was given salary advancements for a short period of time upon being released from prison in November 2013. Despite receiving these income advancements, appellant made no attempts to pay, or arrange payment, as obligated to do. The record further reflects that appellee and her children were dependent upon appellant's support, and that appellant should have known appellee could not support their children without his support. Appellee was only imputed minimum wage with regard to her income. Hence, it would have been unfair, inappropriate and not in the best interest of the children for the trial

court to determine appellant was not obligated to act and pay support in good faith. Based on this determination, the trial court did not err in finding that appellant was only entitled to a support modification as of April 9, 2014, and that his obligation to support his children prior to that could not be waived.

{¶ 13} Moreover, appellant here attempts to convince the court that had it not been for "advice" given by the CSEA, he would have sought to modify his support obligation while incarcerated. We cannot grant merit to this position. Based on the record, CSEA never indicated that appellant "must" hire an attorney. CSEA actually stated that appellant "could" hire an attorney. This is standard advice from any governmental/ administrative agent or agency.

{¶ 14} For the foregoing reasons, appellant's assignments of error are not well-taken, and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

6.

Arlene Singer, J.                    _____
                                                    JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J.           _____
CONCUR.                                              JUDGE

                                     _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.

7.